# Kimball v. Penney.

*Action upon a Promissory Note.*

1. *Trial and its incidents; objection to appointment of special judge; when comes too late.*—When the presiding judge is incompetent to try a case, and a special judge is appointed, the judgment entry reciting that "the presiding judge being incompetent to try this case, and the parties having failed to agree upon an attorney to try the same, the clerk appointed" a certain named attorney as special judge, an objection not made until after the trial, that the order appointing the special judge should have set out wherein the presiding judge was incompetent, comes too late and is without merit.

2. *Bill of exceptions; extension of time for signing it.*—When an order is made during a term, fixing a time within which a bill of exceptions can be prepared and signed, the time for signing said bill of exceptions can not be further extended, unless the order extending it is made before the expiration of the time fixed by the former order, and not extending, in all, beyond six months (Code of 1896, §§ 617–620); and when an order extending the time for the signing of the bill of exceptions five days is made on November 19th, an order made November 25th, following, further extending the time, is null and void, and the bill of exceptions signed after the last date will not be considered on appeal.

3. *Appeal from justice's court; when demand for jury considered waived.*—Under the statute relating to appeals from a justice's court to a city court, which provides that in all actions begun in a court of a justice of the peace and brought to said city court on appeal or *certiorari*, the demand for a jury shall be made by the appellant at the time of filing his appeal or *certiorari* bond, by indorsing the demand therefor on said bond, and that the failure to demand a jury in such manner shall be held a waiver of a trial by jury, in a case brought to said city court by appeal from a judgment rendered by a justice of the peace, where it is not shown that a demand for a jury trial was made, as required by the statute, such failure to make the demand is a waiver of the right of trial by jury.

[Kimball v. Penney.]

4. *Action upon a promissory note; sufficiency of replication to plea of want of consideration.*—In an action on a note, where special pleas have been filed, setting up failure of consideration, want of consideration, payment, and fraud in procuring the execution of the note, a replication that plaintiff purchased the note for a valuable consideration, that he was induced to purchase the same by assurances made him by defendant that the note was all right, and would be paid, and that, if the statements in the special pleas were true, plaintiff was ignorant of them at the time he made the purchase, is not demurrable as constituting no answer to the special pleas.

5. *Same; sufficiency of rejoinder to replication.*—Where in such suit the replication sets out that the note in controversy was purchased for a valuable consideration, and in reliance on statements made by defendant, a rejoinder that said statements if made by defendant, were made under an erroneous impression as to the amount of the note, and that the note was purchased with full knowledge of all the facts, and at a greatly reduced rate, after the same was due and payable, and that the contract set out in the replication was void because not in writing, signed by defendant, is demurrable on the ground that the rejoinder is no answer to the replication.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. W. W. CALLAHAN, Special Judge.

This was an action brought by the appellee against the appellant, and counted upon a promissory note. The cause was originally commenced in a court of a justice of the peace. Upon the recovery of judgment therein by the plaintiff, the case was removed to the city court by *certiorari*, and from there was transferred to the circuit court. The facts in reference to such transfer are stated in the opinion. The substance of the pleas interposed by the defendant in the circuit court and of the replications thereto is sufficiently stated in the opinion.

The defendant-demurred to the replications filed by the plaintiff, upon the following grounds: 1st. That they constitute no answer to the pleas of the defendant. 2d. That they did not set up any fact or facts which bar or preclude the defendant from a recovery upon her several pleas. These demurrers were overruled. Thereupon the defendant filed a rejoinder, in which she set up that if she made such statement or contract as alleged in the plaintiff's replications, it was made under the impression that the note was for a much smaller sum than the amount sued for, and that the plaintiff purchased

[Kimball v. Penney.]

said note with the full knowledge of all the facts and at a greatly reduced rate, after the same was due and payable; and further, that if such contract or statement was made by the defendant as set out in the plaintiff's replication, it was void, because it was not in writing signed by the defendant. To this rejoinder the plaintiff demurred upon several grounds, which set up in different phases that said rejoinder was no answer to the replications. This demurrer was sustained; whereupon issue was joined upon the replications. The other facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court upon the pleadings, and the rendition of judgment in behalf of the plaintiff.

J. E. BROWN, for appellant.—The replications of plaintiff to defendant's plea were bad, and subject to the demurrer interposed.—*Watts v. Frazer*, 80 Ala. 186; *Tenn. C., I. & R. R. Co. v. Herndon*, 100 Ala. 451; *Maness v. Henry*, 96 Ala. 454; *N. Bir. St. R. R. Co. v. Liddicoat*, 99 Ala. 545; *Johnson v. Bank*, 88 Ala. 271; *Glasscock v. Smith*, 25 Ala. 474; *Lord v. Favorite*, 29 Ill. 149; *Kurz v. Holbrooks*, 13 Iowa, 562; *Bowen v. Thrall*, 28 Vt. 382; *Goodman v. Fleming*, 57 Ga. 350; *Aldrich v. Stockwell*, 9 Allen (Mass.), 45; *Herbert v. Ford*, 29 Me. 546; *Morgan v. Fellenstein*, 27 Ill. 31; *Sumwalt v. Ridgely*, 20 Md. 107.

SPEAKE & RUSSELL, *contra*.

COLEMAN, J.—The suit began before a justice of the peace upon a promissory note, in which court the plaintiff recovered judgment. The defendant removed the cause to the city court of Decatur, by statutory *certiorari* issued by the judge of probate. Judgment *nil dicit* was rendered for plaintiff in the city court. By act of the legislature the city court of Decatur was abolished, and the causes and proceedings in that court were transferred to the circuit court of Morgan county. In the circuit court a motion was made by the defendant for a new trial. This motion was heard and adjudicated by

O. Kyle, as special judge. The judgment entry is as follows: "The judge of this court being related to the plaintiff, O. Kyle, an attorney at law, is selected by the parties and agreed upon by them to try this motion." The motion for a new trial was granted and the cause placed upon the docket for trial upon its merits. The following judgment entry was made: "Come the parties by their attorneys, and the presiding judge being incompetent to try this case, and the parties having failed to agree upon an attorney to try the same, the clerk of the court appointed W. W. Callahan, an attorney learned in the law, special judge," etc. No objection seems to have been raised to the person selected or method of appointment at the beginning or during the trial; but after judgment it is insisted, that the order should have set out wherein the judge of the circuit court was incompetent. This objection is not sustained by the record, and is without merit. The cause was heard and tried by the court, without the intervention of a jury. The judgment entry is as follows: "The right of trial by jury having been waived, the court proceeds to hear and determine the same without the intervention of a jury, and the defendant's motion and demand for trial by jury is by the court overruled." The court rendered judgment for the plaintiff. The judgment bears date October 15, 1895. On November 19, 1895, the following order was made: "For good reasons shown, the time for signing bill of exceptions is extended five days from this date." On November 25, the time was again extended for two days. The bill of exceptions bears date November 26, 1895. It is clear that the last order of the special judge made November 25, 1895, extending the time two days, was without authority. The last valid order of the court dated November 19, 1895, extended the time five days from this date. The next order, that of November 25, was made after the expiration of five days, and consequently was null and void. The bill of exceptions not having been signed in legal time cannot be regarded by this court.

. The act of February 4, 1893 (Acts of 1892–93, p. 263), provides that in all actions begun before a justice's court and brought into the city court by appeal or *certiorari*, the demand for a jury shall be made by the appellant at the time of filing his appeal or *certiorari* bond,

by endorsing the demand therefor on said bond, which indorsement must be attested by the officer approving the same at the time of filing of said bond, * * * and a failure to demand a jury in such manner shall be deemed and held a waiver of the right of trial by jury. The record does not show that the demand for a jury trial was made as herein provided. We find no error in the ruling of the court in holding that a jury trial had been waived.

The suit was upon a promissory note. The defendant filed several special pleas, setting up failure of consideration, want of consideration, payment, and fraud in procuring the execution of the note. To these the plaintiff replied specially, that he purchased the note from the payee McDaniel; that before purchasing the same, "he went to the defendant and asked her about the note, whether it was all right, and whether she would pay it. She then and there stated to the plaintiff, that the note was all right, that she owed it and would pay it, and plaintiff relying on such representations and statements of the defendant bought said note from McDaniel, paying him a valuable consideration therefor. That if the statements contained in said special pleas were true, the plaintiff was ignorant of them at the time he bought said note, and that he was induced by said defendant's statements herein set out to buy said note." The court did not err in overruling the demurrer to this replication, nor in holding that the rejoinder to the same was insufficient. The defendant was entitled to and we must presume did receive, every available defense in the joinder of issue upon the replication of the plaintiff.

There is no error in the record available to appellant.
Affirmed.