# Brenard Manufacturing Co. v. Citronelle Mercantile Co.

## Action of Assumpsit.

1. *Misrepresentation; what necessary to authorize rescission of contract.*—A misrepresentation of fact by a vendor in order to entitle the vendee to a rescission of the contract of purchase must have entered into the sale to the extent at least that the vendee reasonably relied upon the statement as true, and must have formed an inducement to the vendee to enter into the contract of purchase.

2. *Action to recover purchase price of article sold; sufficiency of plea of a false representation.*—In an action to recover the purchase price of an article sold by plaintiff to defendant, a plea seeking to set up false representation and deceit on the part of the plaintiff as vendor, which does not aver facts which show that if the fraud had not been practiced the contract of purchase would not have been made, and that the alleged false representation related directly to the contract, is insufficient and subject to demurrer.

3. *Same; same.*—In such an action, a plea which avers that the contract for the sale of the goods which forms the basis of the suit was obtained by misrepresentation of a material fact,

[Brenard Manufacturing Co. v. Citronelle Mercantile Co.]

to-wit, that the articles contracted to be sold were manufactured at a designated place, and that, as a matter of fact, said articles were not manufactured at said place, and that as soon as the defendant ascertained such fact, they rescinded the contract of sale, and returned the articles, is not subject to demurrer upon the grounds that it did not show that the contract was rescinded on account of the misrepresentation of a material fact, and that it did not show that the defendant was induced to enter into said contract by reason of the alleged misrepresentation.

4. *Same; sufficiency of replication.*—In such action, where a special plea as to misrepresentation is interposed, as above set out, a replication to such special plea is insufficient and subject to demurrer, which avers that the contract forming the basis of the suit was headed with the statement of the name of the vendors, and that their factory was located at the place alleged in the plea, and then avers that some time prior to making said contract, they had a factory at the place designated, which they moved during the year the sale was made, and by reason of that fact they were unable to say what part of the articles sold the defendant were manufactured at said designated place, and that the heading of the contract as above stated, was the only representation as to the place of manufacture of the goods sold defendant by the plaintiffs or binding on the plaintiffs.

5. *Action to recover price of goods sold; admissibility of evidence.* In an action by a vendor to recover the purchase price of goods sold to the defendants, where the defendants, by special plea, set up the defense that the plaintiff's traveling salesman represented that the goods were to be manufactured at a certain named place, which representations were false, and the articles were not so manufactured, and that thereupon the defendants rescinded the sale and returned the goods, it is competent during the examination of one of the defendants to ask him what representations were made by the traveling salesman of the plaintiff as to the place where the goods were to be manufactured.

6. *Action to recover purchase price of goods sold; false representation; general affirmative charge.*—In an action by a vendor to recover the purchase price of goods sold to the defendant, where the defendant by special plea sets up the defense that the plaintiff had made representations as to the place of the manufacture of the goods sold, and that for such reason, he had rescinded the sale, and returned the goods. and upon this plea issue was joined, if the evidence introduced fails to prove

that the representation made by the plaintiff as to the place of the manufacture of said goods, as set up in said plea, was false, and that the alleged representation was of a material fact, the plaintiff is entitled to have given, at his request, the general affirmative charge in his favor.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. S. ANDERSON.

This was an action brought by the appellants, a partnership, against the appellees, a partnership, and sought to recover the price of certain articles of merchandise which were sold by the plaintiffs to the defendants. The complaint contained the common counts for an amount due by account on an account stated, and for goods wares and merchandise sold by plaintiffs to defendants. The defendants filed a plea of the general issue, and several special pleas. Among the special pleas filed were the following: "5th. That the contract for goods which forms the basis of this suit was obtained by misrepresentation of a material fact, to-wit, that the jewelry so contracted for was made at Providence, R. I., and defendants aver that said jewelry was not made at Providence, R. I., and that as soon as they learned said fact they rescinded said contract, returned all said jewelry, and notified the plaintiffs that they held all the balance of the goods contracted for, to-wit, one show case, subject to plaintiff's order." To the 5th plea the plaintiffs demurred upon the following grounds: "1. Because it is not shown that contract was rescinded on account of the misrepresentation of a material fact. 2. Because a misrepresentation of no material fact is shown, giving right to a rescission of contract. 3. Because it is not shown that the defendant was induced to enter into contract with plaintiffs by reason of the alleged misrrepresented fact. 4. Because it is not shown that any injury was sustained by the defendant on account of the alleged misrepresentation of the material fact." This demurrer was overruled. Thereupon the plaintiffs filed the following replication: "Comes the plaintiff in the above stated cause and joins issue on pleas four and six; and in reply to number five says that the contract forming the basis of this suit stated at the

head thereof, the following, viz:

" 'Brenard Manufacturing Company. Manufacturing Jewelers. Factory, Providence, R. I. Western Sales-room, Iowa City, Iowa.'

"And continuing set out the contract on one of plaintiff's regular forms. And plaintiff aver that for some time prior to making said contract, they had a factory for the manufacture of jewelry at Providence, R. I., which they began to move the first of the year 1901, finishing the last of this year, by reason of which fact they are unable to say what part of the jewelry sold defendant was manufactured at Providence, R. I., and that this is the only representation as to the place of manufacture of goods sold defendant, made or authorized by the plaintiff, or made binding plaintiff." To this replication the defendants demurred upon the following grounds: "1 Because said replication does not deny, or confess and avoid, the allegations of said plea. 2. Because plaintiffs' inability to tell what part, if any, of the goods sold defendants was manufactured at Providence, R. I., is plaintiff's own fault, and is no legal excuse for the misrepresentation complained of in said plea. 3. Because the fact plaintiffs, by removal of their factory, disabled themselves from knowing what part of said goods were manufactured at Providence, is no excuse for making the misrepresentation complained of in said plea. 4. Because said replication shows on its face that the only representation as to the place of manufacture of said goods was the representation at the head of the contract sued on that plaintiff was manufacturing jewelry, and that their factory was at Providence, R. I. This amounts to a misrepresentation that the goods sold were manufactured at Providence. 5. Because said replication does not deny that plaintiffs' agent who sold the goods made any other representation as to the place of manufacture of the goods than is stated in said replication. 6. Because the fact that plaintiffs did not make or authorize any representation as to place of manufacture other than is stated in said replication, does not release plaintiffs from responsibility for other misrepresentations made by their agent who sold the goods." This demurrer to the said replication was sustained.

On the trial of the case, it was shown that the plaintiffs sold to the defendants, through their traveling salesman, one Liverman, a bill of goods composed of jewelry; that this bill of goods was sold under a contract which was headed or began with the following words: "Brenard Manufacturing Company. Manufacturing Jewelers. Factory, Providence, R. I. Western Sales room, Iowa City, Ia."

There then followed in the contract the articles which were ordered by the defendants from the plaintiffs, and which the plaintiffs agreed to supply, and also certain stipulations as to the character of the jewelry so purchased.

George T. Jordan was introduced as a witness by the plaintiffs and testified that he was a member of the defendant partnership, and that he signed the contract or order which was introduced in evidence on behalf of the defendant partnership; that the goods described in the contract were all received by the defendant partnership, but had never been paid for. Upon the cross-examination of this witness, he was asked the following question: "What was the representation made about the goods as to the place of their manufacture?" Plaintiffs objected to this question upon the ground that it called for irrelevant, immaterial and incompetent testimony, and because it was an attempt to alter or vary the terms of a written contract. The court overruled the objection, and the plaintiffs duly excepted. The witness answered that he (Liverman) said that the goods were manufactured ot Providence, R. I. The plaintiffs then moved to exclude the answer because the written contract was the best evidence, and that the answer tended to vary the terms of said contract. The court overruled the motion, and the plaintiffs duly excepted. This witness then testified that he had never before had any experience in handling jewelry. The following question was then asked this witness: "What knowledge have you of the reputation, if any, of jewelry manufactured at different places?" The plaintiffs objected to this question upon the ground that it called for irrelevant and immaterial testimony, and because the witness was

not competent to testify to the fact inquired about. The court overruled the objection, and the plaintiffs duly excepted. This ruling is the basis of the sixth assignment of error. The defendants then asked the said witness the following question: "What have you ever heard about the reputation of jewelry manufactured at Providence, R. I.?" The plaintiffs objected to this question upon the grounds that it called for irrelevant and immaterial testimony, and because the witness was not competent to testify to the fact inquired about. The court overruled the objection, and the plaintiffs duly excepted. This ruling · constitutes the basis · of the seventh assignment of error. The witness answered: "Well, in a general way, I know that Providence, R. I. is a great center for manufacturing jewelry, and I took this man's representation that the jewelry came from Providence." In answer to other questions which were objected to by the plaintiffs, the witness testified that he did not think the jewelry sent the defendant firm came from Providence, R. I. The witness then testified that they returned the jewelry to the plaintiff firm, and notified them that they held the showcase subject to their order. The other evidence introduced was the depositions of the members of the plaintiff firm, which were taken on interrogatories propounded by the plaintiffs and upon interrogatories propounded to the plaintiffs by the defendant, under the statute. In these depositions each of the members of the plaintiff firm testified that during the year 1901, when the sale of the goods in question to the defendant firm was made, and when said goods were shipped to the defendants, they had a factory at Providence, R. I., and were building a factory at Iowa City, in the State of Iowa; that they moved their factory from Providence to Iowa City by piecemeal; that as they got one department of the factory ready for work at Iowa City, they would move that part of the Providence factory to Iowa City, and in this way part of their business was continued at Providence and part of it was carried on at Iowa City during the year 1901, and for this reason they were unable to say what portion of the goods sold during the year 1901 were manufactured at Iowa City and which were manufactured at Provi-

dence, R. I.; that they thought a part of the goods sold to the defendant were made at Providence, R. I., and that probably a part of them were made in Iowa City; but they were unable to state definitely what part of said goods or whether any part of the goods sold and shipped to the defendants were made at Providence, R. I.

Upon the introduction of all the evidence the plaintiffs requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (4.) "I charge you, gentlemen of the jury, that if you believe the evidence in this case, you must find for the plaintiffs." (5.) "I charge you, gentlemen of the jury, that if you believe from the evidence, that the only representation made or authorized by plaintiffs as to the place of manufacture of goods sold by plaintiffs to defendants was that which appears at the heading of the contract, to-wit: 'Factory, Providence, R. I.,' you must find for the plaintiffs."

There were verdict and judgment for the defendants. The plaintiffs appeal and assign as error the rulings of the court upon the pleadings and the rulings of the trial court, to which exceptions were reserved.

THORNTON & INGE, for appellants.—A party relying on the misrepresentation of a material fact to show breach of contract must allege being induced to act by reason of same, and was thereby misled.—8 Encyc. Plead. & Prac. p. 906; *Brewer v. Arantz,* 124 Ala. 129.

When a contract is reduced to writing, all oral agreements, whether prior or contemporaneous, are merged in it, and considered as waived and parol evidence of them cannot be received to vary the legal import of the writing.—*Town of Brewton v. Glass,* 116 Ala. 629: *Green v. Casey,* 70 Ala. 418; *Thompson Foundry & Machine Works v. Glass,* 33 So. Rep. (Ala.) 811.

FITTS & STOUTZ, *contra,* cited *Bagby v. Harris,* 9 Ala. 173; *Columbian Iron Works Dry Dock Co. v. Douglas,* 57 Am. St. Rep. 362; *Northwestern Cordage Co. v. Rice,* 57 Am. St. Rep. 563, and notes to that case; *Webster-Gruber Marble Co. v. Dryden,* 48 Am. St. Rep. 417.

[Brenard Manufacturing Co. v. Citronelle Mercantile Co.]

HARALSON, J.—In the court below defendant interposed the plea of the general issue, and special pleas numbered 4, 5, and 6. On the trial no evidence was introduced in support of the fourth and sixth pleas, and they are, therefore, allowed to pass from view.

A plea of false representations and deceit "must relate distinctly and directly to the contract, and must affect its very essence and substance.   *   *   * If the fraud be such that, had it not been practised, the contract would not have been made, or the transaction completed, then it is material to it; but if it be shown or made probable, that the same thing would have been done by the parties, in the same way, if the fraud had not been practised, it cannot be deemed material."—2 Parsons on Contracts, p. 770.

"A misrepresentation of a fact by a vendor, whether intended to deceive or not, may entitle the vendee to a rescission; but to do so, it must have entered into the trade to the extent at least that the vendee must have reasonably relied upon the statement as true, and it must have formed an inducement to his prejudice." *Brewer v. Arantz*, 124 Ala. 129.

The fifth plea, if bad for any reason, as not containing all that should have been averred to render it unassailable on demurrer, was good as against any of the grounds interposed to it. The special replication to this plea was bad, and subject to some of the vices pointed out on demurrer.—*Winter v. Bank*, 54 Ala. 172; *Barbour v. W. F. & M. I. Co.*, 60 Ala. 434.

On the cross examination of the plaintiff's witness, Jordan, the defendant was allowed to ask him, "What were the representations made [by the traveling salesman] about the goods, as to the place of their manufactories?" The plaintiff objected because the question called for irrelevant, immaterial and incompetent testimony, and because it was an attempt to alter or vary the terms of the written contract. The objection was overruled, and the witness allowed to answer that the salesman said, "the goods were manufactured at Providence, R. I." Under the pleadings in the case, there was no error in overruling the objections to the question, and

the answer was properly allowed. The question and the answer thereto, so far as allowed by the court, constituting the basis of assignments of error 6 and 7 were, also, properly allowed.

The court was requested by the plaintiffs to give the general charge in their favor, numbered 4, which the court refused to give. In this there was error.

The fifth plea set up the defense relied on by defendants, and on which the case was tried, which defense they failed to establish. They failed to prove that the representation as to the place of the manufacture of said jewelry as set up in said plea, was false, and also that the alleged representation was of a material fact, without proof of which averments in said plea, the defendants failed to establish their defense.

There was no dispute as to the correctness of the account sued for, nor as to the contract for the sale of the jewelry.

We need not consider the other charge, numbered 5, asked by plaintiff.

Reversed and remanded.