(76 South. 936)

SAMPLE v. TENNESSEE VALLEY BANK.
(8 Div. 59.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. BILLS AND NOTES ☞467(2) — ACTIONS — DECLARATION — ALLEGATIONS OF OWNERSHIP.

A declaration on a note by a transferee is sufficient if it simply avers that the note is the property of plaintiff, and hence a complaint alleging that the note sued on was duly indorsed by the payee and was plaintiff's property was not demurrable.

2. BILLS AND NOTES ☞497(5)—ACTIONS—BURDEN OF PROOF—BONA FIDE PURCHASERS.

Where the evidence showed failure of consideration and fraud in the procurement of the note sued on, the burden devolved upon plaintiff to establish that it was a bona fide purchaser for value in due course.

3. BILLS AND NOTES ☞525—ACTIONS—EVIDENCE—BAD FAITH.

In an action on a note by an indorsee, evidence that the note was purchased with a lot of other similar notes, the amount of which was unusual in plaintiff's business, would not have supported an inference of bad faith in purchasing the note.

4. BILLS AND NOTES ☞337 — BONA FIDE PURCHASERS—BAD FAITH.

Where plaintiff purchased the note sued on for value in due course, nothing short of bad faith would destroy its standing as a bona fide purchaser.

5. APPEAL AND ERROR ☞1040(1)—HARMLESS ERROR—SUSTAINING DEMURRER.

The sustaining of demurrers to special rejoinders was not prejudicial error, where they were no more than pleas of the general issue, and the matter set up therein, so far as it was relevant, was available under the general issue.

6. APPEAL AND ERROR ☞959(2) — PLEADING ☞285—FILING ADDITIONAL PLEA—DISCRETION—REVIEW.

Where defendant did not file a sworn plea denying plaintiff's ownership of the note sued on, as required by Code 1907, § 3967, the refusal to allow it to be filed at the close of the evidence was within the trial court's discretion, and was not revisable on appeal.

7. TRIAL ☞91—MOTION TO STRIKE OUT—NECESSITY OF PREVIOUS OBJECTION.

A motion to exclude from the evidence the note sued on came too late in the absence of any objection to the note when it was first introduced.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Assumpsit by the Tennessee Valley Bank against John R. Sample. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The suit was on a promissory note executed by defendant, and payable to the Pep to Lac Company, and, it is alleged, "which note was duly indorsed by said Pep to Lac Company, and is the property of the plaintiff." Demurrers were overruled to the complaint, and defendant pleaded the general issue, want of and failure of consideration, and fraud in the procurement of the note. Plaintiff replied generally, and also specially that the note sued on was acquired by plaintiff before maturity in the due course of trade for a valuable consideration, and at the time plaintiff parted with the consideration for said note it had no knowledge or notice of the defenses asserted in said plea. To this defendant rejoined generally and in six special rejoinders; demurrers to the latter being sustained. At the close of the evidence defendant asked leave to file a special rejoinder alleging that the note was not transferred or indorsed to plaintiff by the payee so as to vest title in plaintiff before suit filed. This leave was denied, and plaintiff excepted. Thereupon defendant objected to the introduction of the note, and moved for its exclusion on various grounds, which motion was overruled, the note having been put in evidence at the beginning of the trial without objection by defendant. The court gave the general affirmative charge for plaintiff with hypothesis as requested in writing.

E. C. Nix, of Albany, and Callahan & Harris, of Decatur, for appellant. E. W. Godbey, of Decatur, and Sample & Kilpatrick, of Cullman, for appellee.

SOMERVILLE, J. [1] A declaration on a promissory note by a transferee is sufficient if it simply avers that the note is the property of the plaintiff. Clark v. Moses, 50 Ala. 326; Morris v. Poillon, 50 Ala. 403;

———

8 Cyc. 123 (b). The complaint was not subject to the demurrer.

[2-4] The defendant's pleas of failure of consideration and fraud in the procurement of the note were fully supported by the evidence, and the burden devolved upon plaintiff to establish its replication that it was a bona fide purchaser for value in due course. This it did by evidence which was undisputed, and from which no adverse inference could have been drawn, and hence the general charge for plaintiff was properly given. Had plaintiff's witness, who bought the note, been allowed to answer that along with it he bought a lot of other similar notes, the amount of which was unusual in plaintiff's business, it would not have affected the result; for that fact would not have supported an inference of bad faith in purchasing the note. And nothing short of bad faith would have destroyed plaintiff's standing as a bona fide purchaser. 7 Cyc. 944 (B).

[5] The special rejoinders to which demurrers were sustained were no more than pleas of the general issue; and the matter set up therein, so far as it was relevant, was available under the general issue. There could have been no prejudicial error in their elimination.

[6] Under Code, § 3967, defendant could not question plaintiff's ownership of the note sued on, in the absence of a sworn plea of denial. There was no such plea on file, and the refusal of the trial court to allow its filing at the close of the evidence was within its discretion, and is not revisable on appeal. Craig & Co. v. Pierson Lbr. Co., 179 Ala. 535, 60 South. 838.

[7] The motion to exclude from the evidence the note sued on was without merit, but it came too late in the absence of any objection to the note when it was first introduced.

We find no error in the record, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.