(78 South. 74)

WHITE et al. v. CENTRAL NAT. BANK.
(8 Div. 52.)

(Supreme Court of Alabama. Jan. 17, 1918.)

1. BILLS AND NOTES ☞477—ACTION BY ASSIGNEE—PLEA OF FRAUD.

Pleas setting up fraud inducing the giving of the note sued on present no sufficient answers to a count alleging plaintiff is a "holder in due course" of said note, in view of definition of such term by Code 1907, § 5007.

2. PLEADING ☞194(3)—DEMURRER—PLEAS TO WHOLE COMPLAINT.

Pleas purporting to be answers to the whole complaint, being insufficient as to a count of the complaint, are subject to demurrer.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Action by the Central National Bank against J. R. White and others. Judgment for plaintiff, and defendants appeal. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Suit by appellee against the appellant J. R. White, begun in the justice court upon a note executed April 24, 1914, by the said J. R. White, which said note was negotiable and payable to the order of the maker four months after date, and indorsed on the back thereof by the maker, and which was the property of the plaintiff. From a judgment for plaintiff in the justice court, appeal was taken to the circuit court, and the cause tried upon the amended complaint consisting of counts 2 and 3.

Count 2 sets out the note on which recovery is sought, and shows that the same was a negotiable instrument, signed by defendant J. R. White, and payable to his order, and duly indorsed on the back thereof by the defendant, and duly delivered to the plaintiff, and the count further avers that plaintiff "is a holder in due course of said note, and that said note is now the property of plaintiff."

Count 3 is substantially the same as count 2, with the omission, however, of the above-quoted provision in reference to being a holder in due course.

The defendant interposed several pleas to the complaint, attempting to set up, among other things, that the notes were given for certain shares of stock in the Pep-to-Lac Company, and that said misrepresentations were made as to the conditions of the same, and the value of the property. These pleas purported to be an answer to the complaint as a whole, and not to any separate count thereof.

Demurrer was sustained to pleas 1 and 2, and overruled as to pleas 3, 5, 6, and 7. There were then filed replications and rulings on demurrers to replications, rejoinders, and surrejoinders, etc., which need not be here set out. Issue was joined on counts 2 and 3 and pleas 3, 5, 6, and 7, and replications 1 and 2, and rejoinders 1, 6, 7, and 8, and surrejoinders 1 and 2 as to rejoinders 7 and 8, and 1 and 2 as amended to rejoinder No. 6, and rebuttal 1. There was verdict of the jury for the plaintiff, and judgment accordingly, from which judgment said defendants prosecute this appeal.

E. W. Godbey, of Decatur, and Sample & Kilpatrick, of Cullman, for appellants. E. C. Nix, of Albany, and Callahan & Harris, of Decatur, for appellee.

GARDNER, J. [1] The pleas of the defendants were addressed to the complaint as a whole, which consisted of counts 2 and 3. Demurrer was sustained as to pleas 1 and 2, and overruled as to 3, 5, 6, and 7. Pleas 1 and 2 attempted to set up misrepresentation or fraud on the part of the agent of the Pep-to-Lac Company, as to the value of shares of stock in said company, for the purchase price of which the note was given. Count 2 alleged that the plaintiff "is a

holder in due course of said note." Under the provisions of our statute (section 5007, Code 1907), a holder in due course is a holder who has taken the instrument under the following conditions:

"(1) That the instrument is complete and regular upon its face.

"(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.

"(3) That he took it in good faith and for value.

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

These pleas therefore presented no sufficient answer to said count 2, and reversible error cannot be predicated upon the action of the court in sustaining demurrer thereto.

[2] Demurrer to replication No. 1 to pleas 3, 5, 6, and 7 was overruled, and this is assigned for error. Whether or not said replication was sufficient as an estoppel in pais (Kimball v. Penney, 117 Ala. 249, 22 South. 899) we need not determine, as we do not think this question is here presented; nor was it presented to the court below by the assignments of demurrer interposed thereto. The replication expressly sets up that the plaintiff had no knowledge or notice of any defense to said note at the time of its purchase, which is the point taken by the first assignment of demurrer. The next assignment is upon the ground that the replication was no more in legal effect than the implied representations arising from the execution of the note. But the replication shows much more than this, in that it shows the purchase of the note for value before maturity and without knowledge or notice of any defense. We are persuaded that, if the replication was subject to demurrer, which question we need not here decide, it was not subject to the assignments of demurrer interposed thereto.

Other questions presented by this record are, we think, sufficiently answered by the holding of this court in the two following cases: Neill v. Central National Bank, 78 South. 73,[1] present term; Sample v. Tennessee Valley Bank, 76 South. 936,[2] present term—which seem to have arisen from like transactions as that here involved.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.