(130 So. 386)

## STEVENS v. TAYLOR.

### 7 Div. 972.

Supreme Court of Alabama.

Oct. 23, 1930.

Inzer, Inzer & Davis, of Gadsden, for appellee.

Victor Vance, of Gadsden, for appellant.

FOSTER, J.

There is no question on this appeal as to the sufficiency of the pleadings.

The suit is upon notes given for the purchase of radios, in connection with what may be termed in common parlance an agency or dealer's contract. The defense was fraud in procuring the contract by misrepresenting its contents, and a denial of plaintiff's ownership of the notes. Plaintiff claimed that he was a holder of the notes in due course without notice, etc.

There was no error in allowing defendant on such issues to prove the conversation with the salesman sustaining defendant's theory of the facts constituting fraud in misrepresenting the contents of the contract. That was an issue in the case made by the pleadings. The first five assignments of error relate to rulings on such evidence, and we think that there was no error in those rulings. Issues and evidence of a similar nature were approved by this court in Brenard Mfg. Co. v. Cannon, 209 Ala. 626, 96 So. 760, and in Brenard Mfg. Co. v. Citronelle Merc. Co., 140 Ala. 602, 37 So. 509. It is also pointed out in the former case that the fact that the defendant had an opportunity to read the

contract, but neglected to do so, does not estop him to claim a deceit. In accord with that view, which is well supported, the court properly refused charge No. 2, requested by appellant.

The only other assignment of error is the refusal of charge No. 1, the affirmative charge for appellant. Appellant contends that the evidence without contrary inference, or conflict, shows that plaintiff was the holder of the notes, negotiable instruments, in due course before maturity. On that claim it is necessary that we review briefly the situation which appellee contends is sufficient to make a jury question of that issue.

Beginning in May, 1926, appellant began transactions with the Brenard Manufacturing Company, extending to some $200,000, at the time of the one here involved; something over a year. Plaintiff testified that though he was engaged in practicing law, he was engaged also extensively in handling commercial paper. He knew intimately the nature of the business of the Brenard Manufacturing Company, that they had litigation of a more or less extended amount, and that the uniform defense was fraud, similar to that set up in this case. The arrangement, according to his evidence, was that when he purchased notes they were indorsed, and turned over to a local bank, which handled the collection. No detailed report was made to him, but if a note was not paid on presentation the Brenard Manufacturing Company handled the business of collecting it, without notice to or consultation with him. If collections were made, they were deposited in the bank to an account styled "F. L. Stevens, Brenard Manufacturing Company's note account." If they were never paid, others of like amount were substituted by the manufacturing company without bother to him. He did not know when suits were brought in his own name until he was called on to testify. He did not know of this suit until then, and though he is a lawyer, he took no part in the litigation. The Brenard Manufacturing Company and the bank, and their regular attorney, have handled the whole matter at the expense and trouble of the manufacturing company, alone, and under the arrangement the manufacturing company will pay the costs of this suit, if it is lost to appellant. So that he has no real direct interest in it. What is it to him, whether the collection is made or not? He testifies that there is no chance for him to lose, and he incurs no trouble or expense. He merely holds the legal title, and testifies when called upon.

It is one of the essentials of a holder in due course, under the statute as before, that he should have acquired the instrument for value as a purchaser in good faith. Code 1923, § 9078; 1 Joyce on Defenses to Com. Paper, § 649; Sample v. Tenn. Val. Bank, 200 Ala. 578, 76 So. 936.

It is well understood that no colorable device or shift to shape the legal aspect of a transaction will have that effect. Blue v. First Nat. Bank, 200 Ala. 129, 75 So. 577; Lewis v. Hickman, 200 Ala. 672, 77 So. 46; Sewell v. Nolen Bank, 204 Ala. 93, 85 So. 375; Elba Bank & Trust Co. v. Blue, 203 Ala. 524, 84 So. 748.

When all the circumstances are taken together, it was properly submitted to the jury to find whether the arrangement between Brenard Manufacturing Company and plaintiff was a collusive and colorable device or shift to evade the effect of defenses such as that interposed in this case, and whether the manufacturing company is the only party really interested in the collection of the notes, and that in its true and proper sense plaintiff was not a purchaser for value in good faith.

All of the counts of the complaint which were not withdrawn by plaintiff alleged that plaintiff purchased the notes in due course for value before maturity and without notice.

The plea of the general issue made that a question for the jury. So that defendant's special pleas of fraud, etc., were unnecessary, for if those allegations of the complaint are proven, such pleas are ineffectual; and on the general issue, if they were not proven, plaintiff could not recover. White v. Central Nat. Bank, 201 Ala. 298, 78 So. 74.

We need not therefore consider whether the matters specially pleaded were proven sufficiently to be submitted to the jury.

We conclude that there was no error in refusing to give the affirmative charge for plaintiff.

We have treated all the assignments of error, and find that none of them are well sustained.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.