158 So. 734

**INDUSTRIAL SAV. BANK v. GREEN-WALD.**

**6 Div. 622.**

Supreme Court of Alabama.
Jan. 17, 1935.

A. Leo Oberdorfer, Wm. S. Pritchard, and David R. Solomon, all of Birmingham, for appellee.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellant.

KNIGHT, Justice.

Suit by indorsee against Max Greenwald, one of the makers of the promissory note sued on. The complaint consists of a single count. In the complaint it is averred that the note sued on, by due indorsement thereon, *"is held by the plaintiff as a holder in due course thereof."* Thus the plaintiff in the first instance has taken upon himself the burden of proving that he acquired the note in due course of business, for value and before maturity.

█ Having invoked the protection of the law merchant by his initial pleading, and not by replication, any plea interposed by the defendant, to be good, must meet the issue thus presented, or it would be subject to timely demurrer. White et al. v. Central National Bank, 201 Ala. 298, 78 So. 74; Elmore County Bank v. Avant, 189 Ala. 418, 66 So. 509.

The cause is before us on the pleadings, the plaintiff having suffered a nonsuit on account of the adverse rulings of the court in overruling plaintiff's demurrers to defendant's special pleas 2, 3, 6, 9, 10, 11, 12, A, and B. These demurrers were assigned separately and severally to each of the special pleas.

The judgment entry recites: "Plaintiff by separate paper this day files demurrers to each of said pleas separately and severally except to plea one which is the general issue, and said demurrers to each of said pleas separately and severally are by the court heard and considered, whereupon, it is ordered and adjudged by the court that said demurrers be and they are hereby overruled." Then follows non-suit because of such adverse ruling of the court.

█ It is apparent the nonsuit was caused by the action of the court in overruling the plaintiff's demurrers, separately assigned, to each of the respondent's special pleas. In such a case, each ruling of the court on the demurrer, to each special plea, may be assigned as error, and should be considered by this court. Russell v. Garrett, 208 Ala. 92, 93 So. 711; Engle v. Patterson, 167 Ala. 117, 52 So. 397; Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 So. 567; Laster v. Blackwell, 128 Ala. 143, 30 So. 663. We are, therefore, required to consider the sufficiency of each of defendant's special pleas, as against the demurrers assigned thereto.

██ Defendant's plea 2 is in Code form for plea of payment.

It is insisted that this plea, construing it most strongly against the pleader, does not aver that payment was made to the plaintiff;

that, for aught averred to the contrary, the payment set up was made to the payee of the note before the plaintiff acquired it.

Ordinarily, such a plea, being in Code form, is sufficient. We so held in the case of Blanks v. West Point Wholesale Grocery Co., 225 Ala. 74, 142 So. 49.

The precise question seems to have been passed upon by this court at an early date. Chief Justice Brickell, in the case of Barbour & Son v. Washington Fire & Marine Insurance Co., 60 Ala. 433, in speaking for the court, said: "The plea of payment is in the form prescribed by the Code, and must be understood as affirming that a payment of the notes had been made, which was valid and operative against the plaintiff as indorsee." In that case, the plaintiff had acquired the note in due course, for value and before maturity.

Of course, if the plaintiff purchased the note under such circumstances as constituted him a holder in due course, the defendant can only show payment to him, plaintiff, to defeat the action. Any payment to the original payee, after plaintiff had acquired the paper in due course, for value, before maturity, and without notice, would not be regarded as payment of the debt or demand. The court properly overruled plaintiff's demurrers to plea 2.

Defendant's plea 3—set-off—was defective, and subject to the plaintiff's demurrers.

However, the appellant is mistaken in his insistence that a maker cannot plead set-off, when sued on negotiable paper by the indorsee.

■ Section 10178 was intended to protect holders of commercial paper, negotiated before maturity, from the defense of set-off which the original maker had against the original payee. It was never intended by this provision of the Negotiable Instruments Law, that the maker, when sued by a holder in due course, could not set off against such holder a debt or demand due and owing by such holder to the maker.

■ The statute, section 10172, authorizes debts, liquidated or unliquidated, demands not sounding in damages merely, subsisting between the parties at the commencement of the suit to be set off one against the other by the defendant. This provision authorizes the defendant, when sued by the holder of a negotiable note, to set off a debt owing by such holder to him.

The plea, however, was subject to demurrer for failing to state the time when, or the approximate time when, the amounts going to make up the $5,000 were received by the defendant, or in failing to aver that the dates were unknown to the defendant.

■ The rule deduced from our recent decisions requires a plea of set-off to observe the same precision of allegation as would be required in stating the same cause of action in an original complaint. J. C. Lysle Milling Co. v. North Ala. Gro. Co., 201 Ala. 222, 77 So. 748; Ex parte Steverson (Robinson v. Steverson), 211 Ala. 597, 100 So. 912; Burnett & Bean v. Miller, 205 Ala. 606, 88 So. 871.

■ The defendant has attempted, in framing his plea of set-off, to follow the Code form for a count for money had and received. It will be observed, however, that the form given in the Code for a money had and received count requires that the date of the receipt of the money should be stated. Of course, the date may be stated under a videlicet, or an averment may be made that the date was unknown to the pleader.

■ In the instant plea the averment as to time of the receipt of the money is thus made: "On to-wit, from the 1st day of February, 1931, and upon various and sundry other dates thereafter." The rule requires that pleading must be certain to a common intent. It is said in Jefferson County v. Gulf Refining Co. of La., 202 Ala. 512, 80 So. 798, 800: "The certainty required in declaration, or plea, is such a statement of the facts constituting the cause of action, or ground of defense, as will enable them to be understood by the party who is to answer them, the jury who are to ascertain their truth, and the court who is to give judgment. The statute (Code [1907], § 5321) which enjoins brevity as far as consistent with perspicuity, and the presentation of facts in an intelligible form so that material issue in law or fact can be taken thereon by the adverse party, has not impaired the substance of the requirement stated in the early cases, though it may be admitted that in some late cases the limit has been reached in permitting the allegation of mere conclusions." The above quotation seems to have been taken from Posey v. Hair, 12 Ala. 567.

■ Had the plea followed the form given in the Code for an action for money had and received, we would have felt constrained to hold it good. But such is not the case. It was pointed out in the case of Smythe v. Dothan F. & M. Co., 166 Ala. 253, 52 So. 398, 399: "The forms in our Code have reduced the allegations of the complaint to a minimum, and this Court does not feel called up-

on to reduce them further by construction." Plea 3, we hold, for the reasons above stated, was defective and subject to plaintiff's demurrer. The court erred in overruling the demurrer to this plea.

Plea 6, strictly construed, is a plea of accord and satisfaction, and we think sufficiently shows that in the things done by said Denson, he was acting as agent for plaintiff, with authority to bind the latter.

Plea 9 is defective and subject to plaintiff's demurrer. The act of satisfying and discharging the indebtedness is charged directly to the plaintiff. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Southern Railway Co. v. Beaty, 212 Ala. 608, 103 So. 658; Alabama Power Co. v. Edwards, 219 Ala. 162, 121 So. 543; Collum Motor Co. v. Anderson, 222 Ala. 643, 133 So. 693; Bessemer C. & I., etc., Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L. R. A. (N. S.) 389; Ex parte Louisville & Nashville R. Co., 203 Ala. 328, 83 So. 52. However, the plea is defective in not averring in what the valuable consideration consisted.

Plea 10 was not subject to plaintiff's demurrer. This was a plea of set-off. The demand which the defendant offered by this plea to set off against the debt or demand of the plaintiff did not sound in damages merely. Defendant's alleged demand grew out of an alleged conversion by the plaintiff of a certain lease contract. In trover the law affords a pecuniary standard whereby the damage is to be ascertained and measured. Ordinarily, it is the value of the property at the time of the conversion or at any time between that time and the trial. The defendant's alleged claim for the conversion of the lease contract by the plaintiff was available to the defendant as a set-off against plaintiff's demand. Code, § 10172; Copeland v. Union Nursery Co., 187 Ala. 148, 65 So. 834.

We are, however, of the opinion that defendant's plea 11 was subject to the objections pointed out by plaintiff's demurrer.

The rule is that every plea in estoppel must be certain in every particular and must allege the facts upon which the plea is predicated, and must allege every material fact which the pleader expects to prove in support of the plea. Conclusions of the pleader, not supported by a statement of the facts from which the conclusions are drawn, will not suffice. S. A. Williams & Co. v. Newman & Heller, 205 Ala. 86, 87 So. 807; Jones v. Peebles, 130 Ala. 269, 30 So. 564; 16 Cyc. 808. The defendant's plea 11 should have averred the facts to support his conclusion that the plaintiff permitted the said W. A. Denson to be held out as the owner of said note and mortgage. Before estoppel can be raised, there must be certainty to every intent, and the facts alleged to constitute them are not to be taken by argument or inference from certain circumstances. Sullivan v. L. & N. R. Co., 128 Ala. 77, 30 So. 528.

Defendant, by his plea 12, attempted to set up, as a defense to the suit, the action of the plaintiff in extending the time of payment of the note sued on, under the circumstances averred in the plea, without the knowledge or consent of the defendant. The plea, by way of conclusion, assumes that the plaintiff, in accepting from Denson the transfer of the lease, thereby changed the status of the defendant, Greenwald, from a primary obligor to that of a surety.

The note sued on contained the following provision: "And the maker, indorser, surety or guarantor of this note severally waives demand, presentment, protest, notice of protest, suit and all other requirements necessary to hold them; *and they agree that time of payment may be extended without notice to them of such extension.*" (Italics supplied.)

We are of the opinion that the plea is defective in assuming by way of a conclusion of the pleader that Denson became, by the acts averred in the plea, the primary debtor to plaintiff on said note, and that the defendant's position thereafter was that of a surety, and that, as such surety, he was released by the extension of the time of the payment of the note. Little v. People's Bank, 209 Ala. 620, 96 So. 763. Furthermore, it will be noticed that the plea does not aver that the note was extended for any definite period, as was the case in Citizens' Bank v. Douglass, 178 Mo. App. 664, 161 S. W. 601–608. Upon this case, the appellee seems to rely to support his contention that Greenwald was released by the plaintiff's extension of the time of payment of the note, without the knowledge or consent of said Greenwald.

Plea A, proceeding with much elaboration, is defective, and subject to the plaintiff's demurrer in that the averment that the plaintiff "suffered and permitted" the said W. A. Denson to do the things alleged in the plea, is but a statement of the conclusion of the pleader, unsupported by a statement of the facts supporting the conclusion.

Plea B is also subject to the same vice pointed out in plea A, and to, possibly, the further objection that it assumes, by way of a conclusion, that the acceptance by the plain-

tiff of the instrument assigning the rents, and collecting such rents, the plaintiff thereby ratified and confirmed the representations and actions of said Denson.

It will thus be seen that a number of the rulings of the trial court were not in accord with the views here expressed, and its judgment must be, and is, reversed.

Reversed, nonsuit set aside, and cause remanded for further proceedings therein in conformity to this opinion.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.