Defendant corporation appeals from verdict and judgment for conversion and from denial of judgment n.o.v. or alternatively for new trial. We affirm.
Plaintiff claimed damage for conversion of a 1965 Corvair automobile. Defendant counterclaimed for sums due for repairs and storage.
The evidence of plaintiff tended to show that on October 10, 1972, he called the repair department of defendant and related difficulties he was having with his automobile. Defendant's employee related that the difficulties sounded as if they had to do with the clutch, pressure plate and throw-out bearing. Cost of repairs to these items would be about $190.00. Plaintiff directed defendant to send a wrecker and get the automobile for these repairs. Defendant immediately picked it up and carried it to its repair shop. Later the same day, the same employee called plaintiff and told him that he had found that some gears on the transaxle were stripped. To repair that item should cost another $27 but the total repair cost should not exceed $227. Plaintiff authorized repairs at that price.
Some two weeks later plaintiff was informed by phone that repairs were completed. On October 27 he went to defendant's business to get his car. He had borrowed $227 and was prepared to pay the agreed price. Plaintiff was told he could test drive the car, but subsequently was told it was out of gas. He was instructed to return in two hours and it would be ready. When he returned his car was locked up in defendant's lot. He was informed by defendant's employee that other repairs had been necessary and had been made. The bill was $454.74 and must be paid before he could get his car. Plaintiff subsequently made several efforts to pay $227 and get his car. This occurred over a period of several months. Defendant refused delivery unless paid in the amount of $454.74.
On January 18, 1974, defendant sent plaintiff a letter stating that unless the bill was paid in 10 days the car would be sold and the proceeds applied to the bill. An itemized copy of the repair bill was enclosed.
The testimony of defendant varied from that of plaintiff as to the agreement for repairs. Defendant's employees stated that there was no agreement for an amount certain, but that plaintiff was told, after the car was taken down, that certain repairs were necessary at an unknown cost. Plaintiff authorized the repairs, and then refused to pay the cost.
It is undisputed that defendant placed the car in its stock and on May 30, 1974, sold the car at wholesale to a used car dealer for $300. That amount was credited to defendant's account leaving a balance of $154.54.
After hearing testimony as to the value of the car from plaintiff and defendant and the amount it had been priced on the sales lot of the purchaser, the jury returned a verdict in favor of plaintiff and against defendant for $5,000.
The first issue presented by defendant on appeal is whether it was due a directed verdict for failure of plaintiff to prove right of possession at the time of the alleged conversion — May 30, 1974, the date of the sale by defendant.
In brief, defendant asserts that it had a mechanic's lien on the auto for the repairs it had made. Therefore, there was no right of possession in plaintiff. This assertion cannot legally be supported.
On May 30, 1974, the vehicle had been in the possession of defendant since October 10, 1972 — nearly 18 months. The repairs were completed on October 27, 1972. On that date the debt became due. Sec. 6 of Title 33, Code of Alabama (1940)
(Recomp. 1958) provides that unless process for enforcement of a mechanic's lien is commenced within six months after the demand becomes due, the lien is lost. Defendant had no statutory mechanic's lien on plaintiff's automobile on May 30, 1974, having lost such lien for failure of enforcement. Mazelv. Bain, 272 Ala. 640, 133 So.2d 44 (1961). *Page 779 
Maintaining possession of the vehicle, defendant did have common-law lien for the contract price for repairs, or if there was no contract, for their reasonable value. The statutory mechanic's lien does not supplant the common law lien but supplements it. Howell v. Dodd, 229 Ala. 393, 157 So. 211
(1934). As long as the repaired machine remains in the possession of the mechanic and the sum due is unpaid, the common law lien endures. During such possession the relationship of the mechanic is that of a bailee for hire. He is subject to the standard of care required of such bailee by statute and common law. Howell v. Dodd, supra; RidgelyOperating Co. v. White, 227 Ala. 459, 150 So. 693 (1933). Any use or disposition of the property not legally authorized or contemplated by the bailment is a conversion. Goad v. Harris,207 Ala. 357, 92 So. 546 (1922); Title 9, Chap. 2., Code ofAlabama (1940) (Recomp. 1958).
It is undisputed that defendant had no legal right to waste or dispose of plaintiff's property on May 30, 1974. When the automobile was sold, there was a conversion.
Defendant's further contention that plaintiff failed to prove a demand and refusal to surrender the automobile is untenable. The conversion claimed by plaintiff is not the detention but the wrongful disposal by sale. Proof of demand and refusal of possession is not a requirement for establishing conversion in such a case. There is no dispute but that plaintiff had legal title to the automobile and therefore the right to possession but for defendant's lien. The sale extinguished the lien and demand for possession then was useless and unnecessary to a recovery for conversion. Scott Paper Co. v. Novay Cherry BargeService, Inc., 48 Ala. App. 368, 265 So.2d 150 (1972).
Defendant next contends that the trial court erred in permitting testimony by plaintiff as to the value of his automobile at the time he last saw it prior to May 30, 1974. The date plaintiff last saw the car was indefinite. In one instance it was stated to be in December 1973, some six months prior to its sale. Plaintiff gave his opinion that its value was $3500 or $3600. We interpret the qualifying question as to value to mean the value as of the time of the conversion May 30, 1974. The record indicates that the court first sustained objection to plaintiff stating its value at the time he last saw it. The court was correct. The measure of damage for conversion is the fair market value of the property at the time of the conversion or at any time between that time and trial.Industrial Sav. Bank v. Greenwald, 229 Ala. 529, 158 So. 734
(1935); Coffee General Hospital v. Henderson, 338 So.2d 1022
(Ala.Civ.App. 1976).
The record further indicates that the next question related to the value of the car on May 30, 1974, based upon the condition of the car the last time he had seen it and upon knowledge and information plaintiff had as to its condition and uniqueness as of May 30, 1974. The objection of defendant to the question was upon the ground that because plaintiff had not seen the car since December of 1973, his valuation would not be relative to its value on May 30, 1974. Upon that ground the court overruled the objection and plaintiff gave his answer.
We accept the contention that the value of the automobile at a time six months prior to conversion is not the proper measure of damages. However, we do not accept the contention that the plaintiff, having seen his automobile six months before, could not be qualified to state his opinion of its value at the time of conversion six months later. Such testimony would be relevant but subject to attack as to its credibility. We do not find error in the admission of the answer of plaintiff in this case.
Defendant's remaining contention is that the evidence does not support an award of punitive damages. We cannot agree. We think our recent cases of Parker v. Sutton, 47 Ala. App. 352,254 So.2d 425, cert. denied 287 Ala. 738, 254 So.2d 431 (1971), and Coffee General Hospital v. Henderson, supra, together with the case of Ray Hughes Chevrolet, Inc. v. Gordon, 294 Ala. 638, *Page 780 320 So.2d 652 (1975) are dispositive of defendant's contention. It certainly cannot be said that the jury could not reasonably infer a known and intentional violation of plaintiff's legal rights by the sale of the automobile without legal action to enforce a lien or determine the debt due. Defendant is a large and successful franchised automobile dealer and had been such for several years in Jefferson County, Alabama. The jury was free to conclude from such evidence that defendant was aware of its rights and their limitations in the collection of its repair accounts and intentionally acted contrary to such rights.
We find no error in the verdict and judgment nor in the ruling of the trial court on the post-trial motions.
We affirm.
BRADLEY and HOLMES, JJ., concur.