This is an appeal from a judgment of the Circuit Court which enjoined the appellants from operating a junk or salvage yard, after finding Kimbrell to be in violation of a zoning ordinance of the appellee, City of Bessemer. We affirm.
In October of 1975 Kimbrell, owner and operator of B T Auto Parts, Inc., petitioned the Board of Adjustment of the City of Bessemer for a variance or permit to operate an auto salvage yard. The Board, after being advised that a zoning ordinance prevented the establishment of an auto salvage yard at that location, granted Kimbrell the right to operate a business in new and used auto parts. The minutes of the Board of Adjustment reflect the following action:
 Mr. Thomas Kimbrell petitioned the board to operate an auto salvage yard at 3620 Bessemer Super Highway in a C-4 Commercial Zone. Mr. Kimbrell appeared for the petition. No one appeared against the petition. The Board was advised by its attorney that an auto salvage yard could not under the zoning ordinance be operated in a C-4 Commercial Zone. Upon motion made by Mr. Patton and seconded by Mr. DeFore, the board unanimously granted the Petitioner the right to operate a business in new and used automobile parts at the above address.
In October of 1977, the City determined that Kimbrell's use of that part of his lot on which he stored wrecked or salvaged vehicles constituted the operation of a junk *Page 839 
yard and, thus, was in violation of the zoning ordinance. Part of Kimbrell's business was to collect scrap automobiles which were no longer in running condition. These vehicles were stored until he had use for their parts. Suit was brought by the City to enjoin this operation.
In answering the City's complaint, Kimbrell denied that
 * * * he is operating any type of business except what he legally applied for October 14, 1975, and what was granted to him by the Board of Zoning Adjustment on that said date.
He further stated that he
 * * * has at all times since the granting of said petition, and since the issuing to him of a County and City of Bessemer license, operated the same type of business; it has not varied one bit, and the Defendant has done so for approximately two years and three months.
Kimbrell also denied that
 * * * he is doing anything unlawful and against the ordinances of the City of Bessemer, but is so operating his business in accordance with the requirements made by the Board of Zoning Adjustment.
After hearing the evidence orally, the Circuit Court found Kimbrell to be in violation of the zoning ordinance. The Court set out in its judgment that part of the ordinance defining a junk or salvage yard as follows:
 * * * a lot, land or structure or part thereof being used primarily for the collecting, storage and sale of waste paper, rags, scrap metal or discarded material; or for the collecting, dismanteling, storage and salvaging of machinery or vehicles not in running condition or for the sale of parts thereof.
The Court found that at the time of the trial there were some 300 vehicles on Kimbrell's property which were not in running order. There is an abundance of evidence in the record to support the trial court's finding that Kimbrell was in violation of the ordinance.
Kimbrell's main contention on appeal is that the City is now estopped to assert that he is in violation of the ordinance, because the members of the Board of Adjustment knew what type of business he was conducting on his premises when he was authorized to operate a business in new and used automobile parts.
The doctrine of estoppel is rarely applied to a municipal corporation. Alford v. City of Gadsden, 349 So.2d 1132 (Ala. 1977). We do not consider this to be a proper case for its application.
Moreover, under Rule 8 (c), ARCP, estoppel is an affirmative defense which must be specially pleaded. Hendricks v. Blake,291 Ala. 575, 285 So.2d 82 (1973); Lackland v. Turner, 207 Ala. 73,91 So. 877 (1921).
In Industrial Savings Bank v. Greenwald, 229 Ala. 529,158 So. 734 (1935), the Court stated that
 The rule is that every plea in estoppel must be certain in every particular and must allege the facts upon which the plea is predicated, and must allege every material fact which the pleader expects to prove in support of the plea. Conclusions of the pleader, not supported by a statement of the facts from which the conclusions are drawn, will not suffice.
229 Ala. at 535, 158 So. at 739.
Kimbrell's final contention is that the trial court was in error when it refused to hear the testimony of individual members of the Board of Adjustment concerning events occurring at the time Kimbrell was granted the right to operate his business.
We are of the opinion the testimony of the board members, concerning what was said at the board meeting, was inadmissible under the circumstances of this case. It is a general rule that city boards of this nature speak through their minutes. The minutes are the best evidence of official action taken by the board. Town of Clanton v. Chilton County, 205 Ala. 103,87 So. 345 (1920); Crenshaw County v. Sikes, 113 Ala. 626, 21 So. 135
(1896). *Page 840 
Moreover, this evidence could have only been admitted under the theory of estoppel, and, as we have previously stated, estoppel was not properly before the Court.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.