(94 South. 772)

BEROW v. BROWN.    (6 Div. 660.)

(Supreme Court of Alabama.    Nov. 23, 1922.)

1. **Evidence ⊜▬179(1)—Want of custody of original is essential to admissibility of transcript of record.**

The fact that plaintiff did not have the custody or control of the original deed is a condition to the admissibility of transcripts of the record thereof, under Code 1907, § 3374.

2. **Trial ⊜▬75—Specific objection waives all other objections.**

Where objections to the admissibility of transcripts of recorded deeds were based on certain specific grounds, all other objections, including the objection that plaintiff had not shown he did not have custody or control of the original, were waived.

3. **Evidence ⊜▬343(3) — Valid execution of deeds is prerequisite to admission of 20-year old records.**

Code 1907, § 3382, relating to the admissibility of transcripts of deeds which had been on record more than 20 years, applies only to validly executed instruments.

4. **Corporations ⊜▬444—Defectively acknowledged deed need not have two witnesses.**

Code 1907, § 3355, providing that the execution of a conveyance, when defectively acknowledged, must be attested by two witnesses, when the party cannot write, does not apply

---

to the execution of a conveyance by a corporation.

**5. Acknowledgment ⊚⇒6(2)—Defective certificate may be treated as attestation of signature.**

A certificate of acknowledgment to a deed, though defective in form and void as an acknowledgment, can be treated as an attestation of the signature of the conveyance by the person signing as notary.

**6. Acknowledgment ⊚⇒6(2)—Recorded deeds held prima facie to have been validly executed.**

Deeds which purported on their face to have been executed by the corporation and the trustee named as grantors therein, to which the corporate seals were affixed and duly attested, and which were acknowledged before a notary, are prima facie validly executed, though the certificates of acknowledgment were defective for failing to state that the grantors were informed of the contents of the instrument.

**7. Evidence ⊚⇒339—Statute admitting records of old deeds applies to deeds theretofore recorded.**

Code 1907, § 3382, relating to the admissibility of transcripts of deeds which had been recorded for more than 20 years, is a remedial statute, relating only to the question of practice and procedure, and applies to a deed which was recorded before its enactment.

**8. Appeal and error ⊚⇒691—Failure to bring up all evidence does not prevent ruling on exclusion of essential evidence.**

The failure to bring up all of the evidence on appeal from a judgment rendered on verdict directed for defendant does not prevent a review of rulings excluding from evidence transcripts of conveyances which were essential links in plaintiff's chain of title.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Action by Joseph H. Berow against A. A. Brown. From a judgment for defendant plaintiff appeals. Reversed and remanded.

The correctness of the statement of the case found in brief of counsel for appellant is not questioned by counsel for appellee, and for convenience is here adopted, as follows:

"This is a statutory action in the nature of the action of ejectment, prosecuted by appellant, as plaintiff, in the court below, against the appellee, to recover possession of two 20-acre tracts of land, located in section 35, township 8 south, range 3 west, Cullman county, Ala.

"On the trial the plaintiff offered evidence tending to show a complete paper chain of the title from the government into the Chicago Title & Trust Company and Henry W. Leeman, trustee, and for the purpose of showing the title had passed out of the Chicago Title & Trust Company and Leeman into the Alabama Vinyard & Winery Company the plaintiff offered in evidence a duly certified transcript, from the record of deeds in the office of the judge of probate of Cullman county, of a deed perporting to have been executed by the Chicago Title & Trust Company, a corporation, and Henry W. Leeman, trustee, to the Alabama Vinyard & Winery Company, on the 2d day of January, 1900, and duly filed for record in the office of the probate judge of Cullman county, on the 5th day of January, 1900, and recorded therein in volume 26, Record of Deeds, pp. 264–266, on the day of its filing. This transcript was duly authenticated by the official certificate of the judge of probate of Cullman county, under the seal of his office. This deed was in due form, embracing the land in suit, the testimonial clause thereof being as follows:

" 'In witness whereof, the undersigned, the Chicago Title & Trust Company, has executed these presents and caused the same to be signed by its president and attested by its secretary, and caused its corporate seal to be hereto attached as and for the act and deed of said corporation, this second day of January, 1900, and the said Henry W. Leeman, trustee, aforesaid, has also on the same day and date caused his name to be attached in the execution of these presents. The Chicago Title & Trust Company, by Henry W. Leeman, 2d Vice Pres., Henry W. Leeman, Trustee. [Seal.] Attest: Wm. Niblack, Secretary.'

"The execution of this deed was duly acknowledged in the following form:

" 'State of Illinois, County of Cook.

" 'I, Henry J. Tansley, a notary public in and for said county and state aforesaid, do hereby certify that Henry W. Leeman, second vice president, and Wm. C. Niblack, secretary, of the Chicago Title & Trust Company, who are personally known to me to be the same persons whose names are subscribed to the foregoing deed as such, president and secretary, appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument of writing as their free voluntary act, and as the free and voluntary act of the Chicago Title & Trust Company for the uses and purposes therein set forth, and caused the corporate seal of said company to be attached, and I further certify that Henry W. Leeman, trustee, who is personally known to me to be the same person whose name is subscribed to the foregoing deed as such trustee, appeared before me this day in person, and acknowledged that he signed and delivered the said instrument of writing as his free and voluntary act for the uses and purposes therein set forth. Given under my hand and seal this 2d day of January, 1900.

" '[Seal.] Henry J. Tansley, Notary Public.'

"To this transcript the defendant objected on the grounds: First, that it was not properly executed; second, that the acknowledgment did not show that the grantors therein were informed of the contents of the conveyance; and, third, because the Chicago Title & Trust Company, being a corporation, could not write, and its signature was not attested by two witnesses, as required by section 3355 of the Code of 1907, and because said conveyance was not validly executed, because said acknowledgment does not show that the vice president who signed the same for and in behalf of said corporation acknowledged before the notary public that he was informed of the contents of the conveyance. The court sus-

tained the defendant's objections, and refused to admit said certified transcript in evidence, and to this action of the court the plaintiff then and there duly excepted.

"For the purpose of showing title from the Alabama Vinyard & Winery Company to the plaintiff, plaintiff offered in evidence a duly certified transcript from the Record of Deeds in the office of the probate judge of Cullman county, Ala., of a deed purporting to be executed by Alabama Vinyard & Winery Company, a corporation, to Joseph H. Berow, on the 2d day of January, 1900, and filed for record and duly recorded in the probate office of Cullman county, Ala., on the 4th day of January, 1900, at 3 o'clock, p. m., and recorded therein, in volume 26, Record of Deeds, folio 282, 283, on the day of its filing. This certified transcript was duly authenticated by the official certificate of the judge of probate of Cullman county, under the seal of his office.

"This deed was in due form, and conveyed the land in suit to the plaintiff, with testimonial clause as follows:

" 'To have and to hold the same unto the said Joseph H. Berow, his heirs and assigns forever, and it, the said Alabama Vinyard & Winery Company, does for itself, its successors and assigns, covenant with the said Joseph H. Berow, his heirs and assigns, that it is lawfully seized in fee simple of said premises, and that they are free from all incumbrances, that it has a good right to sell and convey the said property, and that it and its successors and assigns shall warrant and defend the same to the said Joseph H. Berow, his heirs, executors and assigns forever against the lawful claims of all persons whatsoever.

" 'In witness whereof the undersigned, the Alabama Vinyard & Winery Company has executed these presents and caused the same to be signed by its president and attested by its secretary, and caused its corporate seal to be hereto attached, as and for the act and deed of said corporation, this second day of January, 1900. Alabama Vinyard & Winery Company, by Lawson Scott, Vice President. [Signature attested only.] Attest: M. C. Willard, Secretary. [Seal.] [50 cent revenue stamp, canceled by Alabama Alabama Vinyard & Winery Company.]'

"To this paper the defendant objected on the grounds: First, that it was not properly or validly executed; second, that the acknowledgment did not show that the grantors therein were informed of the contents of the conveyance; and, third, because the Chicago Title & Trust Company, being a corporation, could not write, and its signature was not attested by two witnesses, as required by section 3355 of the Code of 1907. Because the acknowledgment does not recite that the vice president was informed of the contents of the conveyance. The court sustained the defendant's objection, and refused to admit said deed in evidence, and to this action of the court the plaintiff then and there duly excepted.

"At the conclusion of the evidence the court gave the affirmative charge in favor of the defendant, and from the judgment following the plaintiff has prosecuted this appeal."

W. E. James, of Cullman, and Brown & Denson, of Birmingham, for appellant.

The appellee, having stated specific grounds of objection to the admission of the certified transcript offered by plaintiff, waived all other grounds of objection. 112 Ala. 167, 20 South. 313; 97 Ala. 14, 12 South. 241; 168 Ala. 123, 53 South. 254; 14 Ala. App. 138, 68 South. 568; 16 Ala. App. 645, 81 South. 137. The deeds having been of record for more than 20 years, and on their face purporting to have been executed by the grantors therein named, the certified transcripts made from this record are within the influence of section 3382 of the Code, and were admissible in evidence. Code 1907, § 3382; 199 Ala. 92, 74 South. 31; 200 Ala. 77, 75 South. 405. The provision of section 3355 of the Code as to the signing of deeds has no application to deeds or conveyances executed by corporations. 139 Ala. 317, 35 South. 1016, 101 Am. St. Rep. 32; 62 Ala. 555; 194 Ala. 179, 69 South. 601; 182 Ala. 354, 62 South. 528. A certificate of acknowledgment to a deed, though defective in form and void as an acknowledgment, may be treated as an attestation of the signature of the conveyance by the person signing as notary. 48 Ala. 87; 61 Ala. 263; 66 Ala. 600; 78 Ala. 542; 94 Ala. 135, 10 South. 320; 95 Ala. 529, 10 South. 345; 104 Ala. 191, 15 South. 935. A substantial compliance with section 3361 of the Code prescribing the form of acknowledgment, is all that is required. 200 Ala. 592, 76 South. 950; 148 Ala. 230, 41 South. 735; 110 Ala. 547, 18 South. 304; 91 Ala. 615, 8 South. 349.

Earney Bland and Emil Ahlrichs, both of Cullman, for appellee.

The acknowledgments of said deeds were fatally defective, because not reciting that the one whose acknowledgment was taken was informed of the contents of the conveyance. 194 Ala. 184, 69 South. 821; 110 Ala. 550, 18 South. 304; 119 Ala. 302, 24 South. 860. Where a defective acknowledgment is relied on as an attestation, execution of the instrument must be proved by the officer who made the certificate. 95 Ala. 533, 10 South. 345; 181 Ala. 274, 61 South. 302. Where the bill of exceptions does not show that the evidence therein was all the evidence in the case the trial court will not be put in error for giving the general charge. 192 Ala. 481, 68 South. 341, L. R. A. 1915E, 372; 194 Ala. 650, 70 South. 117; 42 Ala. 301; 30 Ala. 242; 19 Ala. 491; 21 Ala. 232; 43 Ala. 542. The certified copy of the deed was not admissible, because the party offering did not make proof that the original had been lost or destroyed, or that he did not have the custody or control of same. 202 Ala. 434, 80 South. 818; 204 Ala. 585, 87 South. 85.

GARDNER, J. Suit in ejectment by appellant against appellee.

The rulings of the trial court sustaining the defendant's objections to the introduc-

tion of the certified transcript of the record of the two deeds referred to in the statement of the case, and which constitute essential links in the plaintiff's chain of title, present the question of first importance on this appeal. The contention against the introduction of these deeds appears to be based upon the defective acknowledgment before the notary public, in that there were omitted the statutory words, "They being informed of the contents of the conveyance" (Code 1907, § 3361), and, further, that the signatures of the grantors were not attested by two witnesses, as required by section 3355 of the Code of 1907. The acknowledgment states in part, in substance, that the grantors acknowledge having signed and delivered the instrument as their free and voluntary act "for the uses and purposes therein set forth"; and counsel for appellant insist that these latter words, above quoted, necessarily import the meaning that the grantors were informed of the contents of the conveyance, and therefore there was a substantial compliance of the statutory form, which is all the law requires, citing Rosebrook v. Martin, 200 Ala. 592, 76 South. 950, among other authorities. The conclusion which we reach, however, renders unnecessary a decision of this question, and we therefore pretermit its consideration.

[1, 2] The bill of exceptions does not state that plaintiff did not have the custody or control of the original deed, and this is assigned as an additional reason for sustaining the action of the trial court in excluding the certified transcripts of these deeds in evidence. This of course was a condition to the admissibility of these transcripts under section 3374 of the Code of 1907 (Acree v. Shaw, 202 Ala. 434, 80 South. 817), but there was no objection interposed upon this ground. Had such objection been interposed upon the trial doubtless plaintiff would have offered proof in support of such condition. The objections to the admissibility of these certified transcripts appear in the statement of the case, and were based upon certain specific grounds—none of which contain any suggestion of the objection now urged. It is a well-understood rule that when specific objection is made, other objections are waived. Smith v. Bachus, 195 Ala. 12, 70 South. 261.

We are therefore brought to a consideration of the objections interposed. The certified transcripts disclose that the deeds purporting to convey the land involved in this suit had been of record in the probate office of Cullman county for a period of more than 20 years; and plaintiff insists that these transcripts were admissible under the provisions of section 3382 of the Code.

[3] Opposing counsel urge, however, that this section only applies to validly executed instruments, citing in support thereof the case of Holloway v. Henderson Lbr. Co., 194 Ala. 184, 69 South. 821. With this we of course agree, but we are of the opinion that certainly, prima facie, these instruments were validly executed.

[4] The insistence of counsel for appellee that a conveyance by a corporation must have two witnesses if improperly acknowledged is without merit. The argument upon this question for appellee is that the acknowledgment was defective, and therefore void, and that, as a corporation is unable to write and have a signature of its own, a conveyance executed by it, when defectively acknowledged, must be attested by two witnesses under that portion of section 3355 of the Code, reading:

"The execution of such conveyances must be attested by one witness, or, where the party cannot write, by two witnesses who are able to write, and who must write their names as witnesses."

We think it too clear for discussion that this language has no reference to the execution of a conveyance by a corporation, and that by analogy the case of Graham v. Partee, 139 Ala. 310, 35 South. 1016, 101 Am. St. Rep. 32, is conclusive against the contention here made.

[5] It is of course well understood that a certificate of acknowledgment to a deed, though defective in form and void as an acknowledgment, may be treated as an attestation of the signature of the conveyance by the person signing as notary. Jones v. Hagler, 95 Ala. 529, 10 South. 345.

[6] The first deed, the transcript of which was offered in evidence, purports to be the deed of the Chicago Title & Trust Company, a corporation, and Henry W. Leeman, trustee, and filed for record January 5, 1900. It purports on its face to have been executed by those named as grantors therein, and the testimonial clause recites the execution of the paper and the affixation of the corporate seal by the corporation, and the record indicates that the corporate seal was affixed and duly attested by the secretary of the corporation. Prima facie, the deed was validly executed by the corporation under the authority of Graham v. Partee, supra. As to the execution of the deed by Leeman, trustee, the deed discloses upon its face that he subscribed his own name, and that the signature was witnessed by the notary who signed the acknowledgment. What is said in regard to the deed of the Chicago Title & Trust Company is equally applicable to the second deed executed by the Alabama Vinyard & Winery Company, which need not be given separate consideration here.

[7] The contention that these deeds were executed and recorded several years prior to the adoption of section 3382 of the Code

of 1907, and therefore said section should not be here given application, cannot be sustained. This section is a remedial statute, Barrington v. Barrington, 200 Ala. 315, 76 South. 81, relating only to the question of practice and procedure, and was given full force and effect by this court under similar conditions in the recent cases of Veitch v. Hard, 200 Ala. 77, 75 South. 405, and Leek v. Meeks, 199 Ala. 89, 74 South. 31.

We therefore conclude that these deeds appear upon their face to have been validly executed; [and conceding, without deciding, the defectiveness of the acknowledgment] having been of record for more than 20 years the certified transcripts thereof were not subject to the objection interposed to their introduction, and that the court below committed reversible error in sustaining the objection.

[8] Counsel for appellee further insist that no reversal should be rested upon this ruling of the court for the reason the affirmative charge was given for the defendant, and the bill of exceptions fails to disclose that it contains all the evidence. This, however, does not preclude the plaintiff from reviewing the ruling of the court in excluding this evidence, which was vital to the maintenance of his suit, as he clearly relied upon a complete chain of title, and not upon the question of possession. Southern Supply Co. v. Standard Equipment Co., 165 Ala. 582, 51 South. 789.

In the reply brief counsel for appellee suggest that the deeds referred to in this opinion were patently irrelevant, for the reason that the plaintiff had shown neither possession nor title back to the government. This contention, however, is not sustained by the bill of exceptions, which recites that plaintiff offered evidence tending to show a complete paper title to the land described from the government to the Chicago Title & Trust Company, a corporation, and Henry W. Leeman, trustee.

For the error indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.