60 So.2d 299

### SNEAD v. WELLS.
7 Div. 192.

Court of Appeals of Alabama.
Aug. 19, 1952.

[2] 257 Ala. 447.

Scott & Dawson, Fort Payne, for appellee.

W. M. Beck and C. A. Wolfes, Fort Payne, for appellant.

HARWOOD, Judge.

In the court below the plaintiff sued the defendant in detinue. The personal property claimed was "One red jersey heifer."

In the plaintiff's detinue bond the property was again described as "One red jersey heifer."

The defendant executed a forthcoming bond wherein it is recited in part that a writ in detinue having been sued out directing the sheriff to take possession of "One red jersey heifer," which writ "was placed in the hands of W. R. Evans, Sheriff of the County of DeKalb, on the 10th day of January, 1950, by taking into his possession One Red Jersey heifer, and whereas," etc.

The defendant filed a plea which reads as follows:

"1. That there is no return to the writ, but as a matter of fact, the suit is for a red jersey heifer and the Sheriff levied on a red cow for which a replevin bond was made. The defendant does not detain the property sued for."

The court sustained the plaintiff's demurrer to this plea.

While no further formal pleas were filed it is clear from the record that issue was joined on the complaint and the defendant's plea of the general issue (non detinet).

The evidence presented by the plaintiff in the trial below tended to show that the defendant was indebted to the plaintiff under a chattel mortgage on one red Jersey heifer, and that said mortgage debt was due on September 1, 1950, and was unpaid. The execution of the mortgage was duly proven, and the same was introduced into evidence.

The plaintiff's employee testified that he talked to the defendant about the heifer covered in the mortgage subsequent to the due date of the mortgage. The defendant refused to surrender the heifer and this writ was instituted.

The value of the heifer was shown to be $125.

Testifying in his own behalf the defendant admitted the execution of the chattel mortgage, and that the same was unpaid. He further admitted possession of the red Jersey heifer.

It was his contention however that when plaintiff's son came to see him about the heifer he offered to surrender it, but the son demanded a four year old cow, which he refused to surrender.

He further testified, over defendant's objections, that when the officers arrived to execute the detinue writ he showed the officers the red Jersey heifer, but they stated they had instructions to get a cow. He told them he would make bond for the cow "before you get the cow."

He thereupon came to the court house and made the defendant's forthcoming bond abovementioned.

Mr. J. D. Benefield, a witness for the defendant, testified, over plaintiff's repeated objections, that he was present at defendant's house when the officers came to serve the detinue writ; that he told them they could have the red Jersey heifer covered by the mortgage, but they replied they had come to levy on a cow. The defendant told them they could not take the cow so they all came to town and made bond for the cow. As before stated however, the defendant's forthcoming bond was made for a red Jersey heifer.

In order for a plaintiff to recover in an action of detinue he must show that at the commencement of the action he had a general or special property in the chattel sued for, a right to immediate possession, and that the defendant had possession. Ryall v. Pearsall Bros., 148 Ala. 668, 41 So. 673; Hollimon v. McGregor, 225 Ala. 517, 143 So. 902. The burden is also on the plaintiff to establish prima facie the value of the property sued for. Sykes v. Wood, 206 Ala. 534, 91 So. 320.

When a plea of the general issue (non detinet) is interposed in a detinue suit the defendant thereby admits he had possession of the property sued for when the suit was commenced. Norris v. Kelly, 249 Ala. 281, 31 So.2d 129; Sec. 934, Title 7, Code of Alabama 1940. Not only was this possession established by the pleadings in this case on which issue was joined, but the defendant admitted possession of the red Jersey heifer, and further admitted that the mortgage on the heifer was past due and unpaid. The plaintiff's evidence also of course tended to establish these facts.

Thus, without dispute, all of the elements ordinarily essential to a plaintiff's right of recovery in detinue were established. The defendant contends that he was at all times ready to surrender the red Jersey heifer

sued for and described in both the plaintiff's detinue bond and defendant's forthcoming bond, but that the plaintiff insisted on taking a four year old cow, as did the levying officer. Such contention does not deny plaintiff's right and title to the heifer. In effect the defendant sought to set up an estoppel in pais in order to justify his detention of the heifer.

■ A plea of the general issue, properly called non detinet in a detinue suit, puts in issue the detainer, and plaintiff's title and right of possession. However, matters justifying the detention must be specially pleaded. Standard Encyc. of Procedure, Vol. 7, "Detinue," V, 8, B, p. 482.

The defendant filed a plea seeking to set up special matters justifying his detainer of the heifer, but the court sustained plaintiff's demurrer to this plea, and thereafter issue was joined on a plea of the general issue.

In Blair v. Williams, 159 Ala. 655, 49 So. 71, 72, McClellan J., wrote:

"An estoppel was sought to be invoked, in the evidence only, by the defendant, predicated upon the asserted fact that the attorney for the plaintiff, with ample authority in the premises, silently permitted, while present, the sale of the horse in question and its purchase by defendant for a valuable consideration. Such a defense must be specially pleaded, as was not done in this instance. As a matter of authority, this court, in Jones v. Peebles, 130 Ala. 269, 273, 30 So. 564, so determined the question. Therein it was said: 'And we do not see how it can be held otherwise, in cases at law, whether the defense relied upon be an estoppel by record, by deed, or in pais, in view of the plain mandate of the statute, if he (the defendant) does not rely solely on a denial of the plaintiff's cause of action, he must plead specially the matter of defense.' Code 1907, § 3295. In detinue, no more than in any other action at law, can it be said that the statute, quoted in Jones v. Peebles, had no effect upon the common-law rules of pleading. At common law an estoppel in pais need not have been pleaded. Bigelow's Estoppel, p. 585. Under the letter of our statute, however, the inquiry is, in all cases, whether matter asserted in defense is special in the sense that it is not comprehended in the issue made by a general traverse of the allegations of the declaration. That the estoppel attempted to be here availed of, in the testimony only, was special matter of defense, is apparent, because is goes, not to the title of the plaintiff to the chattel, nor to his right to the possession, but involves conduct on his part that affects, not to deny his right to the thing itself, but to foreclose his right to assert the truth in the premises, viz., that the property, and right of immediate possession thereof, were with him, the plaintiff. It has been often held here that, in detinue, the statute of limitations is available in defense under the general issue; but that is because, as said in Lay v. Lawson's Adm'r, 23 Ala. [377], 392, 'the statute of limitations acts upon the title of personal property, and not only bars the remedy, but destroys the right.' Estoppel in pais, as here involved, has no such fundamental effect. It is true some of our decisions affirm that the general issue in detinue puts in issue the right of the plaintiff to recover; but this declaration is necessarily short of a ruling, in effect, that the general issue is the only serviceable plea in detinue. Our Reports contain many cases where it seems to have been assumed by litigants and courts that special matters of defense should be specially pleaded, thus negativing any idea that the general issue puts in issue every possible obstacle to a recovery by the plaintiff. This is notably true in respect of actions of detinue, where justification under process was pleaded. Additional to the reliance placed upon the holding in Jones v. Peebles, supra, sound reason and the scores of authorities noted in 16 Cyc. p. 806 et seq., demonstrate, we think, the correctness of the view so expressed in Jones v. Pee-

bles. Of course, if matter of estoppel in pais should have been specially pleaded, and was not, the result was a waiver thereof. 8 Ency. Pl. & Pr. pp. 13, 14."

■■ It further appears to be the rule in this State that when an estoppel is relied on, whether in law or equity, it must be specially pleaded, and if not so specially pleaded the defendant cannot avail himself of estoppel as a defense, though it appears in the evidence. Jones v. Peebles, 130 Ala. 269, 30 So. 564; Lackland v. Turner, 207 Ala. 73, 91 So. 877; Mutual Loan Society v. Stowe, 15 Ala.App. 293, 73 So. 202.

■ It is our conclusion therefore that the undisputed evidence having established plaintiff's prima facie case in the court below, and the defendant's attempted justification of his detainer of the heifer, shown by the evidence only, being unavailable because not within the issues pleaded, the lower court erred in refusing to give plaintiff's requested charges X–1 and X–2, which were affirmative in nature.

Numerous other points are argued as error in appellant's brief. In our opinion the broader principles above written to necessitate a reversal of this case. We therefore pretermit consideration of these other points.

Reversed and remanded.