173 So.2d 571

**Frances Day HALL et al.**

v.

**Evelyn Strickland GULLEDGE et al.**

**6 Div. 125.**

Supreme Court of Alabama.

Feb. 25, 1965.

Rehearing Denied April 15, 1965.

Rives, Peterson, Pettus & Conway, Birmingham, for appellants.

Wm. M. Acker, Jr., Smyer, White, Reid & Acker, Birmingham, for appellees.

SIMPSON, Justice.

This is the second appeal in this case. For a full statement of the facts out of which the controversy arises see Hall, et al. v. Gulledge, et al., 274 Ala. 105, 145 So. 2d 794. On the prior appeal the case was remanded for a hearing on the merits and for a construction of certain restrictions contained in deeds conveying title to the property involved.

We have on this appeal but a single issue: Did the trial court err in its construction of the meaning of the words "no dwelling shall be erected on said property, * * * the side lines of which * * * shall be nearer the side lines of said property than 25 feet".

The Chancellor found that this restriction did not prohibit appellees from building a residence closer than 25 feet to the common boundary line of Lots 25–26 and Lots 27–28.

The appellants take the position that the boundary line between Lots 25–26 and Lots 27–28 is in fact the "side" line of the prop-

erty of appellees (who own Lots 25–26). Appellees insist that this line is in fact the "rear" line of their property. The trial court agreed that it was the rear line. So that the controversy may be better understood, the following drawing shows how the lots involved are situated, according to the actual plat of the subdivision:

Where is the "rear" line of lots 25–26 considered as an entirety? Appellants contend there is no rear line. However, the deed conveying these lots referred to a rear line twice:

"There is excepted from this conveyance and reserved to the grantor, its successors and assigns, an easement six (6) feet in width along the *rear* property line of the said lot for electric light and telephone poles and lines, and for sewers; and also along the east line of said Lot Twenty-five (25) for storm sewer.

\* \* \* \* \* \*

"No out-building, garages and servants' houses on said property shall be erected except in the basement of the dwelling, facing to the side or *rear*." (Emphasis added.)

■ Words used in a deed should be construed in *pari materia* and the construction should be adopted which will give effect to all words. 26 C.J.S. 1046, Deeds, § 147; Allums v. Allums, 208 Ala. 369, 94 So. 296.

The only logical meaning the word "rear" can have as used in the above is along the boundary line between Lots 27–28 and Lots 25–26. In fact, the sewer and power lines run along this boundary.

■ We think the Chancellor was correct in determining that the line involved is the "rear" line. That being the case, the set-back restriction of 25 feet does not prohibit a building being placed nearer than 25 feet to such line, the line not being a "side" line as used in the restriction first quoted.

■ Some argument is made in brief by appellants to the effect that appellees are estopped to take the position they take here since they filed a case in the Jefferson County Civil Court against their grantor for breach of warranty. That case ended in a consent settlement. There is no merit in appellants' argument on this point. These appellants have not relied upon and have not been prejudiced in any manner by the position taken by the appellees in the inferior court. These elements are es-

sential to "judicial estoppel". Wright v. Fannin, 229 Ala. 278, 156 So. 849; 31 C. J.S., Estoppel, § 7, et seq.

Being in complete agreement with the trial court, its decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.