285 So.2d 82

Fred W. HENDRICKS et al.

v.

Eva BLAKE et al.

SC 239.

Supreme Court of Alabama.

Oct. 25, 1973.

Dillon, Kelley & Barnes, Alexander City, for appellants.

Balch, Bingham, Baker, Hawthorne, Williams & Ward, and Rodney O. Mundy and H. Hampton Boles, Birmingham, for Ala. Power Co., appellee.

HARWOOD, Justice.

This is an appeal from a decree of the Circuit Court of Tallapoosa County at Dadeville, denying a petition for a sale for division of land located in Tallapoosa County, Alabama.

The appellants, who were complainants below, filed a bill seeking to have certain land described below sold for division, the appellants claiming to be joint owners of an interest therein.

The Alabama Power Company one of the respondents below, and appellee here, filed an answer and cross bill to the complaint. The answer denied that appellants had any interest in the subject land, and the cross bill set forth a chain of title in the Alabama Power Company dating from 1897 by which it claimed title to the land.

After a hearing ore tenus, the Chancellor adjudged and decreed that the Alabama Power Company was "the true and lawful owner in its own right of the entire fee simple interest in" the following described land:

"Twenty (20) acres of land, more or less, being all that part of the west thirty (30) acres of the Southeastern Quarter of the Northwest Quarter of Section 33, Township 22 North, Range 22 East, Tallapoosa County, Alabama, which lies above the Alabama Power Company established high water mark."

By stipulation, counsel agreed that as of November 29, 1897, title to subject land was vested in Martha Ray who was mar-

ried to T. F. Howard; Samantha Ray who was married to Joseph Gray; F. H. Hendrix who was married to Fanny Hendrix; and Henry Ray whose wife was N. B. Ray.

By warranty deed dated November 30, 1897, the subject land, along with some additional land, was granted to Henry Ray and his wife N. B. Ray, by Martha Ray Howard and T. F. Howard, her husband, Samantha Ray Gray and Joseph Gray her husband, and F. H. Hendrix and his wife Fanny. Three witnesses attested the six signatures to the deed, though one witness signed by mark.

This deed was not recorded in the office of the Probate Judge of Tallapoosa County until July 25, 1923.

In 1925 the Alabama Power Company instituted condemnation proceedings for land which would be covered with, or surrounded by, water as a result of the construction of Martin Dam. Alabama Power's notice of Lis Pendens states:

"The lands and waters described in said application and which applicant proposes to take and condemn and which are likely to be covered by the impounded waters or the pool created by said dam, are those *portions* of each entire tract of land hereinafter set out in paragraphs 1 to 32, both inclusive which portions to be taken are described as follows: * * *" (Emphasis ours.)

In paragraph 22 of the Lis Pendens notice, land which would include the subject land was described. The subject land is that portion of the land described in paragraph 22 unaffected by the judgment in the condemnation proceedings, it appearing that not all of the land described in paragraph 22 would be covered or surrounded by the backed up waters of the Tallapoosa river.

Appellants introduced the above mentioned notice of Lis Pendens for the purpose of showing that Alabama Power Company listed descendants of Martha Ray Howard as well as N. B. Ray and heirs of Henry Ray as owners of the land described in paragraph 22, that is to say, owners of the land of which the subject land was a part before condemnation proceedings by the Alabama Power Company.

During the next thirty-five years, Alabama Power purchased all interests in subject land held by N. B. Ray and the heirs of N. B. Ray and Henry Ray. Further, Alabama Power received two deeds from heirs of Martha Ray Howard purporting to convey all interest of the grantors in the subject land though as above shown Martha Ray Howard had conveyed her interest in the land by the 1897 deed.

In a mortgage by Alabama Power filed in the office of the Probate Judge of Tallapoosa County, Alabama, on April 13, 1956, Alabama Power mortgaged eleven twelfths (11/12) of the subject property.

Appellants claim as heirs of Martha Ray Howard and assert that the aforementioned deed of 1897 was ineffectual to pass the one quarter undivided interest of Martha Ray Howard, and consequently such interest devolved to appellants as her heirs.

Appellants have set forth in general terms six assignments of error, all of which in effect question the sufficiency of the evidence to support the decree rendered.

Under these assignments the appellants have presented two points to support their argument that the Chancellor erred in entering a decree holding the Alabama Power Company to be the lawful owner of the fee simple estate in the subject land:

(1) That the 1897 deed was either void, or at most passed only the dower rights of Martha Ray Howard, because of a defective acknowledgement, and

(2) The Alabama Power Company is estopped from asserting title to the land in question.

As to the certified transcript of the 1897 deed, it appears that in addition to three

attesting witnesses, the deed was purportedly acknowledged on the day of its execution before H. D. Jackson, a Justice of the Peace in and for Tallapoosa County, Alabama. The joint acknowledgement of the male grantors was a general acknowledgement and contains the usual statement that the grantors "being informed of the contents of the conveyance" etc.

The acknowledgement of the three wives, taken jointly on the same day before the same Justice of the Peace, was a "separate and apart" acknowledgement which did not contain a statement that the wives had been informed of the conveyance.

 As we understand one of the contentions of counsel for appellants, it is that because the separate and apart acknowledgement of the wives did not contain a statement that the wives had been informed of the contents of the conveyance, such acknowledgement had the effect of passing only the dower and homestead rights of the wives, and did not divest their title to the real estate beyond these two limited interests.

Section 22, Title 47, Code of Alabama 1940, provides:

"Conveyances for the alienation of lands must be written or printed, or partly written and partly printed, on parchment or paper, and must be signed at their foot by the contracting party, or his agent having a written authority; or, if he is not able to sign his name, then his name must be written for him, with the words 'his mark' written against the same, or over it; the execution of such conveyance must be attested by one witness, or, where the party cannot write, by two witnesses who are able to write, and who must write their names as witnesses; or, if he can write his name, but does not do so and his name is written for him by another, then the execution must be attested by two witnesses who can and do write their names."

The signatures of the grantors were attested by three witnesses, one of whom signed by mark. Thus the deed was attested by two witnesses who could and did write their names. Even if the purported acknowledgement to the deed be considered as defective as contended by the appellants, the signature of the person taking the acknowledgement may be treated as attesting the signatures of the grantors. Berow v. Brown, 208 Ala. 476, 94 So. 772. The signatures of the grantors in the 1897 deed may therefore be considered as attested by three witnesses who could and did write their names. The deed was therefore valid.

Section 119, Title 47, Code of Alabama 1940, is as follows:

"When a validly executed instrument, not properly acknowledged and recorded, has for ten years been of record in the office of the judge of probate, the original or a duly certified transcript thereof shall have the same force and effect as evidence as such original or transcript would have had, had such instrument been duly acknowledged and recorded."

In Berow v. Brown, supra, it was held that the progenitor of Section 119, supra, is remedial in nature and applies to a deed which was recorded even before its enactment.

 The deed of 1897 being valid as of the date of its execution, and having been of record since July 1923, some 48 years before the initiation of these proceedings, the deed was prima facie validly executed, and under the provisions of Section 119, supra, a certified transcript of its record dispensed with proof of its execution. Veitch v. Hard, 200 Ala. 77, 75 So. 405; Berow v. Brown, supra.

The former owner Martha Ray Howard, through whom the appellants now claim, having disposed of all her interest in the subject property during her lifetime, the basis of appellants' claims to the property

disappear. We find no merit in this aspect of appellants' argument.

As to estoppel, appellants contend that Alabama Power is estopped from claiming a full interest in the subject land because Alabama Power has affirmed the claim of the heirs of Martha Ray Howard by naming heirs of Martha Ray Howard as partial owners in the condemnation proceedings of 1925, by the purchase of fractional shares of the subject property from heirs of Martha Ray Howard after 1950, and by stating ownership of only a fractional portion of subject land in the mortgage agreement of 1956.

As to the matter of equitable estoppel, it appears that in their answer to the cross bill of the Alabama Power Company, the appellants asserted in paragraph 5 of said answer that:

"* * * the Alabama Power Company has been aware of, had knowledge of, and acquiesced in the ownership of an interest in subject property by the complainants and cross-respondents and their predecessors in title since prior to 1925, * * *"

In paragraph 6 of their answer to said cross bill the appellants asserted:

"* * * the Alabama Power Company is estopped by laches from obtaining reformation of the deed from M. E. [Martha] Howard to H. W. Ray and N. B. Ray, bearing date of November 30, 1897, and which is recorded * * *"

The above allegations are insufficient to raise the question of estoppel.

The doctrine of our cases is clear that estoppel must be specially pleaded, and if not done, one may not avail himself of this defense. Jones v. Peebles, 130 Ala. 269, 30 So. 564; Lackland v. Turner, 207 Ala. 73, 91 So. 877; Snead v. Wells, 36 Ala.App. 524, 60 So.2d 299. In Industrial Savings Bank v. Greenwald, 229 Ala. 529, 158 So. 734, the rule is more specifically stated as follows:

"The rule is that every plea in estoppel must be certain in every particular and must allege the facts upon which the plea is predicated, and must allege every material fact which the pleader expects to prove in support of the plea. Conclusions of the pleader, not supported by a statement of the facts from which the conclusions are drawn, will not suffice. S. A. Williams & Co. v. Newman & Heller, 205 Ala. 86, 87 So. 807; Jones v. Peebles, 130 Ala. 269, 30 So. 564; 16 Cyc. 808."

The pleadings of the appellants do not assert that they have relied upon or been prejudiced in any manner by the position taken by the Alabama Power Company in their dealings with this property, nor by the condemnation proceedings. They state only bald conclusions that the Power Company has knowledge of and acquiesced in the ownership by the appellants of an interest in the subject property. See Hall v. Gulledge, 277 Ala. 580, 173 So.2d 571.

The pleadings of appellants do not assert any reliance by them upon the positions assumed by the Power Company, or that they suffered any injury as a proximate result of any reliance upon the acts of the Power Company. Nor does the evidence tend to establish such facts. Such elements are essential to "judicial estoppel." Hall v. Gulledge, supra.

In Penn Mutual Life Ins. Co. of Philadelphia v. Mallory, 255 Ala. 256, 50 So.2d 740, it is stated:

"The doctrine of estoppel under our decisions is protective only and is to be invoked as a shield and not as a weapon of offense. It is not effective to create a cause of action and 'should not in any case be made the instruments of gain or profit.' Lindsay v. Cooper, 94 Ala. 170 (184), 11 So. 325, 330, 16 L.R.A. 813; McCarty v. Gant, 248 Ala. 668, 29 So.2d 136."

If estoppel is not specially pleaded, and we might add properly and suffi-

ciently pleaded, the one asserting estoppel cannot avail himself of the doctrine even though it appears in the evidence. Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 So. 812. But in addition to the deficiencies noted in the purported pleading of the doctrine of estoppel, the court found specifically that the appellants had not relied to their detriment upon any representation of the Alabama Power Company concerning the ownership of the subject land, and that the Power Company was not estopped from claiming the entire interest and title to the subject land. After our review of the evidence, we are in full accord with this finding. The effort of the appellants to invoke estoppel to deprive the record title owner of land must therefore be considered as without merit.

Counsel for appellants also argue the question of res adjudicata in their brief. A plea of res adjudicata is a plea in bar. It must be specially pleaded. No such matter appears in the pleadings filed by the appellants. The question cannot now be raised on appeal as it must be deemed as having been waived. See Thomas v. Bank of Hurtsboro, 243 Ala. 658, 11 So.2d 370; Tilley, Alabama Equity Pleading and Practice, Sec. 87.

It should be noted that the doctrines of our cases as to the manner of pleading affirmative defenses to a preceding pleading has not been altered by the new Alabama Rules of Civil Procedure, effective 3 July 1973. See Rule 8(c) which provides:

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated

a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

The decree is due to be affirmed and it is so ordered.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.