WRIGHT, Presiding Judge.
This is an action by a widow to enforce the payment by a devisee of the sum of $6,000 in lieu of the right of homestead in the devised land.
This is a case of first impression in this state so far as we are able to determine. The facts are as follows: Plaintiff’s husband died testate. The only real estate owned at the time of death was his homestead consisting of a house and lot in Gadsden, Alabama. Defendant and others were devisees of the homestead under the will. An action was filed in circuit court by the devisees under authority of § 6-10-99, Code of Alabama (1975) to clear the property of the homestead right of plaintiff by the payment to her of $6,000. The action was prosecuted to judgment which, among other things, ordered plaintiff divested of her homestead rights in the property upon payment to her of $6,000 by the devisees.
Subsequently, defendant purchased the interest of the other devisees in the property. Plaintiff in expectation of payment and at the request of defendant, surrendered the key to the house and possession of the property to defendant. Defendant entered therein and exercised dominion and authority over it but failed to pay the $6,000 as she had requested and received judgment of the court to do. Requests by plaintiff for payment were not complied with, whereupon, plaintiff brought this action some eight months after the first judgment.
On July 9, 1979, the court, after oral hearing, granted judgment to plaintiff and' against defendant in the amount of $6,000 with interest of $397.50. Defendant has appealed. We affirm.
Defendant states the issue to be whether a widow entitled to homestead right may force a devisee of the property to use the right given under § 6-10-99 and pay her for her homestead right. We do not perceive that to be the issue under the facts.
In the prior action defendant asked for and received the aid of the court to declare and enforce her right as a devisee to remove the cloud of plaintiff’s homestead right from her title and her right to immediate possession of the devised property. The court gave her what she requested and thereby gave notice to plaintiff that she must accept its mandate. In response and in reliance upon the judgment, without insistence of prior payment, plaintiff gave up possession. Defendant entered into possession and exercised ownership. She thereafter decided not to complete the bargain she had undertaken.
Section 6-10 — 99 as pertinent is as follows:
Where a homestead right exists in property devised by will, the person . *622 to whom said property is devised may clear the said property of such homestead right by paying . . ., in lieu of such right, the sum of $6,000 .
It is evident from the statute that the right to clear a homestead right from devised property belongs to the devisee, not the possessor of the homestead right. It is also evident from the statute that aid of court is not necessary to claiming its benefits. The defendant in this case chose to use the court. In doing so, we consider she obtained the benefit of the statute and thereby made a bargain. She caused plaintiff to substantially and materially change her position and suffer detriment. We find her estopped to deny her obligation to complete the transaction she undertook. U. S. Fidelity & Guaranty Company v. McKinnon, 356 So.2d 600 (Ala.1978); Maner v. Maner, 279 Ala. 652, 189 So.2d 336 (1966); Hendricks v. Blake, 291 Ala. 575, 285 So.2d 82 (1973).
There being no issue nor argument presented by the appeal as to the correctness of the judgment in the granting of interest on the sum of $6,000, or the requirement of sale of the property if payment is not made in thirty days, we do not address those aspects of the judgments.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.