HOLMES, Judge.
Ernest and Vera Smith sued Richard Carter to recover the unpaid balance of a $8,500 loan.
Carter denied liability and filed a third party complaint against Joy Carter seeking indemnity for any funds found to be due the Smiths.
The trial court, after an ore tenus hearing, found in favor of the Smiths and entered judgment against Carter in the amount of $2,324.06. The trial court found in favor of Joy Carter on the third party claim.
Carter appeals and we affirm.
The dispositive issue is whether there is any evidence to support the trial court’s finding that Joy Carter was not liable to Carter on his third party claim.
The record, viewed with the attendant presumptions, reveals the following:
Ernest and Vera Smith are the parents of Joy Carter. Richard Carter is their former son-in-law. The Carters were divorced in 1980 prior to the filing of this suit.
In 1975 the Smiths wrote a $3,500 personal check and purchased a $5,000 cashier’s check. The $3,500 check was payable to Joy Carter and the $5,000 check was payable to Carter. Both checks were deposited in the Carters’ joint bank account. There is evidence indicating that the money may have been used for the construction of the Carters’ homeplace.
At trial Mr. Smith testified to the effect that the $8,500 was given to Carter as a loan and that Carter was solely responsible for its repayment. He also testified that Joy Carter came to his home on behalf of Carter to pick up the $3,500 and that this was why that check bore her name. The testimony of Mrs. Smith and Joy Carter was to the same effect.
Carter testified to the effect that he did not borrow any money from the Smiths and that if there was a loan, it was to his ex wife, Joy Carter. This was the basis of Carter’s third party claim.
There was also evidence that all but $2,324.06 in principal and interest had been repaid.
As indicated, the trial court found in favor of the Smiths on their claim and in favor of Joy Carter on the third party claim. We note at the outset that Carter does not contest the trial court’s decision regarding the Smiths’ claim, but rather, Carter contends the trial court erred in ruling in favor of Joy Carter on his third party claim.
It is clear from the above that there was a conflict in the testimony. It was encum-bent upon the trial court to resolve that conflict. Suggs Music Co. v. State Dept. of *1019 Revenue, Ala.Civ.App., 365 So.2d 977 (1978), writ denied, 365 So.2d 979 (1979).
It is equally clear that if there is any evidence to support the trial court’s finding we must affirm. Jansen v. Fair Harbor Marina, Inc., Ala.Civ.App., 373 So.2d 325 (1979); Hover v. Wittaker-Warren Agency, 56 Ala.App. 255, 321 So.2d 213 (1975).
In the instant case there was evidence that the $8,500 was given to Carter as a loan and that he alone was responsible for repaying it. In addition, there was no evidence of any agreement between Carter and Joy Carter regarding repayment of the loan. Stated differently, there was evidence from which the trial court could conclude that the loan was made to Carter and that Joy Carter was not in any way responsible for its repayment.
In view of the rule set forth above, the case must be affirmed.
Carter, through able counsel, additionally contends that Joy Carter is es-topped to deny liability to him on his third party claim. Discussion of this issue is not necessary.
Estoppel is an affirmative defense which must be specially pleaded. Kimbrell v. City of Bessemer, Ala., 380 So.2d 838 (1980); Rule 8(c), ARCP. It was not pleaded in this case nor was it raised in the trial court. The issue cannot be considered for the first time on appeal. Dobbins v. Getz Exterminators of Alabama, Inc., Ala.Civ.App., 382 So.2d 1135 (1980). See also, Hendricks v. Blake, 291 Ala. 575, 285 So.2d 82 (1973).
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.