KENNEDY, Justice.
The third-party defendant, Liberty Mutual Fire Insurance Company (“Liberty Mutual”), appeals from a judgment entered in favor the third-party plaintiff, William J. Parish.
In January 1992, Sollie Pate had sued Parish in regard to damage to Pate’s wrecker truck. . Parish, in turn, filed a third-party claim against his insurer, Liberty Mutual, alleging that Liberty Mutual had to provide him with a defense in the Pate lawsuit and that Liberty Mutual would be liable for any damages (up to policy limits) that Pate might be awarded against him.
The incident underlying these claims was an October 1991 fire at Parish’s home. The fire damaged Parish’s residence and a detached garage, as well as three vehicles in the garage. These vehicles were, a truck owned by Parish, a Volvo automobile owned by John Hurst, and Pate’s wrecker truck.
At the time of the fire, Parish’s residential property was covered by a Liberty Mutual policy with six types of coverage. The policy language of “Coverage B — Other Structures” states, inter alia, that it is to cover “other structures on the residence premises," but not “other structures ... used in whole or in part for a business.” Liberty Mutual paid Parish for the loss of the garage structure under Coverage B.
According to Liberty Mutual, when it paid Parish for his losses under Coverage B it was unsure of whether the “business use” exclusion to that coverage applied. Later, in a Liberty Mutual interview with Pate, Pate stated that Parish “was running a business” in the garage, and that around the time of the fire the wrecker was being repaired by Parish, for profit.
With this new information, Liberty Mutual evaluated its obligation to Parish under “Coverage E — Personal Liability.” Coverage E would potentially cover damages awarded against Parish as to Pate’s wrecker truck, in the event Pate was successful in his lawsuit against Parish, but the language of Coverage E included an exclusion for damage related to “a business engaged in by an insured." Based on this business use exclusion, Liberty Mutual denied coverage under Coverage E. In response, Parish filed his third-party claim against Liberty Mutual.
Parish moved for a summary judgment. In support of his motion, Parish argued that Liberty Mutual’s failure to invoke the business use exclusion as to Coverage B (for Parish’s own loss of the garage structure), either estopped Liberty Mutual from asserting the exclusion as to Coverage E (liability coverage to cover Pate’s wrecker truck), or constituted a waiver of its right to do so. The court granted the motion, and made the judgment final pursuant to Ala. R.Civ.P. 54(b). On appeal, Liberty Mutual argues that the trial court erred in resolving the waiver and estoppel issues and therefore erred in entering a summary judgment for Parish.
In Alabama Farm Bureau Mut. Cas. Ins. Co. v. Government Emp. Ins. Co., 286 Ala. 414, 240 So.2d 664 (1970), the Court examined a situation where an automobile insurer paid the named owner of an automobile for damage to the automobile, without asserting an exclusion in the insured’s policy that might have precluded coverage. The Court held that paying this claim did not, however, amount to a waiver of the right to assert the exclusion as to other distinct coverages. See also, Rhode Island Ins. Co. v. Walden, 217 Ala. 510, 116 So. 693 (1927) (stating that where multiple coverages exist within a policy of insurance, i.e., where there is an “apportionment of the insurance,” then “each indemnity is in effect a separate insurance”).
Applying the reasoning of Alabama Farm Bureau Mut. Cas. Ins. Co. to the present case, we conclude that Liberty Mutual’s failure to assert the business use exclusion as to “Coverage B — Other Structures” does not amount to a waiver of its rights that compels it “to assume liability for [a] different and separate risk of loss,” here, that contemplated under “Coverage E — Personal Liability.” 286 Ala. at 421, 240 So.2d at 670.
As to Parish’s contention that Liberty Mutual is estopped from asserting the business use exclusion as to Coverage E, we *439 note that detrimental reliance is a critical element of estoppel. See Hall v. Gulledge, 277 Ala. 580, 583, 173 So.2d 571, 573 (1965). As to this element of estoppel, Parish would have to demonstrate that he acted in reliance on Liberty’s Mutual previous action in not asserting the business exclusion (as to Coverage B), and that this reliance resulted in prejudice to him.
Here, there is no indication that Parish was prejudiced by any reliance on his part, precipitated by Liberty Mutual’s failing to assert the business exclusion as to Coverage B. Stated differently, there is no indication that Parish acted on Liberty Mutual’s position as to Coverage B in such a way that he was prejudiced when Liberty Mutual took a different position as to Coverage E.
Finally, although Liberty Mutual argues to the contrary, it is clear from our review of the record that the material evidence is in dispute as to whether Parish has, in fact, been operating a business out of his garage.
Given the foregoing, the judgment of the trial court is reversed, and this cause is remanded for an adjudication of whether Parish was in fact, operating a business out of his garage so as to trigger the business use exception to Coverage E.
REVERSED AND REMANDED.
ALMON, HOUSTON and COOK, JJ., concur.
HORNSBY, C.J., concurs in the result.