MOORE, Judge,
concurring in the result.
Following remand from the Alabama Supreme Court, Ex parte Wood, 69 So.3d 166 (Ala.2010), this court, in a no-opinion order of affirmance, affirms the judgment of the Etowah Circuit Court (“the trial court”) in regard to its award of $50,000 in damages to Ray Keith Wood in his action against Black Creek, Inc., under § 25-5-11.1, Ala. Code 1975. For the reasons expressed below, I concur in the result to affirm the trial court’s judgment.
The trial court, which tried the case without a jury, found that Black Creek had terminated Wood’s employment based solely on his having filed a workers’ compensation claim, in violation of § 25-5-11.1, and it awarded Wood $50,000 in damages. In response to a postjudgment motion filed by Black Creek, the trial court determined that $30,000 of the award constituted damages for mental anguish and that $20,000 represented damages for past lost wages. On appeal, Black Creek argues that the evidence does not support a damages award of $30,000 for mental anguish. Black Creek also argues that the trial court erred in awarding Wood any lost wages because, it says, Wood was unable to work following the termination of his employment and Wood received Social Security and workers’ compensation disability benefits that offset any loss.

I. Mental-Anguish Damages

I believe that Black Creek properly preserved its sufficiency-of-the-evidence argument in regard to the award of damages for mental anguish. By filing a post-judgment motion directed toward the damages award, and by refocusing the trial court on that issue to the extent the trial court apportioned the general damages it had originally awarded, Black Creek essentially provided the trial court “the additional opportunity to reconsider the evidence and [to] discover and correct any error in judgment which [it] may have made upon initial review.” Ex parte Vaughn, 495 So.2d 83, 87 (Ala.1986). Although the trial court did not enter specific findings of fact on the issue, that procedure adequately substituted for the entry of specific findings of fact on the issue so that it may be said that the trial court reconsidered the evidence supporting the damages awarded for mental anguish and ruled adversely to Black Creek by finding that the evidence sufficiently supported an award to Wood of $30,000 in mental-anguish damages. Accordingly, this court may review that ruling under Rule 52(b), Ala. R. Civ. P. (‘When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the court an objection to such findings or has made a motion to amend them or a motion for judgment or a motion for a new trial.”).
*174 I also believe that, based on Montgomery Coca-Cola Bottling Co. v. Golson, 725 So.2d 996, 1000 (Ala.Civ.App.1998), the evidence supports the $80,000 award for mental-anguish damages. In Golson, this court affirmed a $75,000 mental-anguish damages award based on evidence indicating that, “because of the wrongful termination, [Golson] became depressed, he had problems obtaining gainful employment, he could not pay his bills, his car was repossessed, he was evicted from his apartment, and he and his wife divorced.” Id. The facts in the present case relating to Wood’s mental anguish closely parallel those in Golson. Wood testified that he experienced serious financial problems following the June 20, 2000, wrongful termination of his employment that caused him to seek psychiatric care and to obtain medication for depression and that led to marital strife that eventually contributed to his 2002 divorce from his wife. Although Wood could not recall the names of his psychiatric providers, the trial court obviously was convinced of the credibility of Wood’s emotional suffering, and, applying the ore tenus rule, this court cannot overturn the award on that ground. See Slack v. Stream, 988 So.2d 516, 531-32 (Ala. 2008). Given the lack of any “ ‘fixed standard for ascertaining the amount of compensatory damages that may be awarded for emotional distress,’ ” Golson, 725 So.2d at 1000 (quoting First Commercial Bank v. Spivey, 694 So.2d 1316, 1326 (Ala.1997)), and the discretion afforded the trial court in fixing those damages, id., I find no basis for reversing the judgment awarding Wood $30,000 in mental-anguish damages.

II. Lost Wages

In Bleier v. Wellington Sears Co., 757 So.2d 1163 (Ala.2000), the supreme court specifically held that “[a]n employee who is discharged solely for filing a workers’ compensation claim, but who is ... unable to return to work, cannot recover damages for lost wages.” 757 So.2d at 1172. Black Creek initially maintains that Wood should not have received any lost-wages damages because he testified that he was unable to work after he lost his employment at Black Creek.
Wood’s testimony is not as clear-cut as Black Creek maintains, however. Wood did state that he was physically unable to work following his departure from Black Creek, but he also clarified at one point in his testimony that he could have continued performing the light-duty job Black Creek had provided for him. The evidence regarding that job showed that, as part of its workers’ compensation program, Black Creek assigned injured employees to a job sorting small parts that would later be assembled by others. The job was designed to be exceedingly sedentary in nature, as several of Black Creek’s witnesses testified. Wood claimed that he was asked to perform heavier physical activities outside the light-duty job description, prompting him to seek medical assistance on June 19, 2000. Black Creek’s witnesses disputed that the job required the heavier physical activities Wood described and indicated that, in any event, they would have modified the job to exclude those activities in order to allow Wood to maintain the job. Thus, the trial court had before it sufficient evidence indicating that Wood retained some limited ability to earn wages in that light-duty position.
On appeal, Black Creek asserts that that evidence should not be considered because, it says, Wood is estopped from asserting an ability to work by his application for, and his receipt of, Social Security disability benefits. See Consolidated Stores, Inc. v. Gargis, 686 So.2d 268, 274 (Ala.Civ.App. 1996), cert. denied, Ex parte Gargis, 686 So.2d 278 (Ala.1996), overruled on other grounds, Bleier, supra. Black Creek acknowledges that estoppel is an affirmative *175 defense that should be pleaded, see Rule 8(c), Ala. R. Civ. P., and that it failed to plead the defense, which ordinarily constitutes a waiver. See Ex parte Luverne Geriatric Ctr., Inc., 480 So.2d 562, 568 (Ala.1985). Black Creek nevertheless argues that the issue was tried by the implied consent of the parties because, it says, some of Wood’s testimony, which was elicited without objection, would be relevant toward proving the defense, and, therefore, it asserts that the pleadings should be amended to conform to the evidence under Rule 15(b), Ala. R. Civ. P. However, the evidence relating to Social Security disability benefits was directed solely toward the issue whether those benefits should offset any lost wages, an issue that both parties agreed would be decided by the trial court, not whether those benefits should preclude any lost wages entirely. Although it is true that the evidence would also have been relevant to an estop-pel defense, Wood could not have known that he was trying that issue as well as the offset issue so as to trigger the operation of Rule 15(b). See Ex parte Luverne Geriatric Ctr., Inc., 480 So.2d at 569; see also 1 Champ Lyons, Jr., & Ally W. Howell, Alabama Rules of Civil Procedure Annotated § 8.9 (4th ed. 2004) (“Estoppel is one of the defenses required under Ala. R. Civ. P. Rule 8(c) to be pleaded affirmatively and, if it is not so pleaded, a party asserting estoppel cannot avail himself of the doctrine even though it appears in evidence.” (citing Ex parte Luverne Geriatric Ctr., Inc., supra; Hendricks v. Blake, 291 Ala. 575, 580-81, 285 So.2d 82, 86-87 (1973); and Carter v. Smith, 402 So.2d 1017, 1019 (Ala.Civ.App.1981))). Hence, the trial court did not err in considering the evidence that Wood could have performed the light-duty position.
The parties stipulated that Wood was earning $377.52 per week at the time Black Creek terminated his employment. The evidence does not indicate when Wood reached maximum medical improvement for his left-arm injury or when his surgeon removed his temporary work restrictions, if ever, so it is impossible to discern if and when Wood lost his eligibility for the light-duty position. However, the parties essentially agreed at the trial-court level that any claim for lost wages would extend to the point that Black Creek closed the plant where Wood had worked, which was at some point between the summer of 2001 and the beginning of 2002, the exact date not being identified in the record. Thus, the trial court reasonably could have determined that Wood lost wages in a range from between $19,631.04 and $29,446.56. An award of $20,000 would actually be at the lower end of that spectrum.
The trial court properly refused to offset Wood’s Social Security disability benefits against what it awarded Wood for lost wages. The evidence in the record indicates that Wood applied for those benefits in October 2003 and that he did not begin receiving them until September 2006. Wood and his children did receive a $20,000 lump-sum award for past benefits, but, under Social Security law and regulations, those benefits were for the 12-month period immediately preceding the successful application. See 42 U.S.C. § 423(b) and 20 C.F.R. § 404.621. In this case, although the onset of the disability was considered to be February 2000, Wood received Social Security disability benefits only from October 2002 forward; Wood did not receive any Social Security disability benefits for the period he was awarded lost wages. Hence, the trial court did not err in failing to offset the Social Security disability benefits against what it awarded Wood for lost wages. See Sloan v. Hartford Life & Acc. Ins. Co., 475 F.3d 999, 1006-07 (8th Cir.2007).
For much the same reason, the trial court did not err in failing to offset the amounts Wood received from a February *176 2003 workers’ compensation settlement. Although it is true that an employee cannot recover both workers’ compensation benefits for lost wages due to physical inability to work and compensatory damages for those same lost wages in a retaliatory-discharge action, Motion Indus., Inc. v. Pate, 678 So.2d 724, 733 (Ala.1996) (citing Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 320 (Ala.1992)), the burden remains on the employer to prove such overlapping compensation by a preponderance of the evidence. See, e.g., Ex parte Fort James Operating Co., 895 So.2d 294, 297 (Ala.2004) (holding that an employer asserting the affirmative defense of setoff bears the burden of proof on the issue and that the proper burden of proof for the affirmative defense of setoff is a preponderance of the evidence). In this case, Black Creek admittedly failed to offer evidence as to what portion, if any, of the $20,000 workers’ compensation settlement related to wages lost by Wood during the relevant period. Without such evidence, the trial court had no basis for offsetting any part of the workers’ compensation settlement against its award of lost wages to Wood, and, therefore, I believe that its award of lost wages is due to be affirmed.