# Matthews *v.* The State.

*Scire Facias on Forfeited Recognizance.*

1. *Recognizance delivered in escrow for temporary purpose.*—A judgment *nisi* having been rendered on a forfeited recognizance (Code, §§ 4428–30), the surety can not claim to be discharged on the ground that the recognizance was delivered in escrow only, to have effect temporarily until another person should become bail, and that another recognizance was afterwards taken; nor because he was the only surety on the bond.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

Upon the arrest of one Henry Wright, under an indictment against him for selling liquor without a license, the defendant, J. P. Matthews, at the request of said Wright, became his

[Matthews v. The State.]

surety on his appearance bond, and the said Wright was discharged thereupon. At the subsequent term of the Circuit Court, on the call of the case against said Wright, he failed to appear and made default, whereupon a judgment *nisi* was entered against him and J. P. Matthews as surety on said appearance bond. In response to this judgment, said J. P. Matthews moved the court to set aside the judgment, averring that the said bond was made and executed by Wright, with himself as surety, upon an agreement with the sheriff of said county, in whose custody said Wright was at the time, that this said bond was to be made and delivered to the sheriff "in escrow" —that is, it was to have effect until said Wright should make another appearance bond, with one A. J. Bradley as surety thereon; and that upon the delivery of the second bond, the bond with Matthews' name on it was to become of no effect; and that in accordance with this agreement, the second bond, with Bradley as surety thereon, was made and delivered to the sheriff by said Wright himself. Upon these facts, the defendant based the following grounds for his motion : (1) Said first bond was delivered as an escrow, and ceased to be binding upon the execution and delivery of the second bond with said Bradley as surety thereon; (2) said writing or bond was not in the form as required by statute; (3) said writing is not a statutory bond; and (4) said bond has but one surety, and is not, therefore, a statutory bond, as required in such cases. The defendant Matthews also demurred to the judgment *nisi*, and assigned the same grounds as were stated in his motion to set aside the judgment. Upon the court's overruling said demurrer and motion, the said Matthews filed his answer to said judgment, and alleged substantially the same facts as those averred in his motion. Upon the trial of the issue made up on this answer, the defendant Matthews offered to introduce in evidence the testimony of the sheriff and of the clerk of the Circuit Court, to prove the facts as alleged in his said motion, demurrer and answer; but the court refused to allow the introduction of such evidence; and the defendant duly excepted to his ruling in this behalf.

After the hearing of the cause, the court made the judgment final against both the said Wright and the defendant Matthews. This judgment is now appealed from; and the court's various rulings are here assigned as error.

MATTHEWS, DANIEL & CORDON, for appellant.—The motion should have been sustained, because the bond was not in the form prescribed by statute, and had but one surety.— *Ozeley v. State*, 59 Ala. 94; *Dover v. State*, 45 Ala. 244; Code, § 4420.

[Kuehlthau v. The State.]

Tbe bond not being such as required by statute, the statutory mode of enforcing the forfeiture can not be resorted to—*Gray v. State*, 43 Ala. 41; *Antonez v. State*, 36 Ala. 84; *Governor v. Jackson*, 15 Ala. 703; *Button v. Foster*, 14 Ala. 325.

WM. L. MARTIN, Attorney-General, for the State, cited *Ozeley v. State*, 59 Ala. 94; *Anderson v. Bellinger*, 87 Ala. 334; Code, §§ 4420 and 4428.

STONE, C. J.—We hold it to be very clear that, after the sheriff accepted and approved one bond from Henry Wright, for his appearance to answer the indictment preferred against him, his power in the premises was exhausted, unless Wright's bail had first surrendered him back into custody.—Code of 1886, §§ 4429–30. The second bond was unauthorized. We think, moreover, it would greatly imperil the public service, if a sheriff, after accepting one such bond, could be permitted to cancel that one and accept another in the place of it. It is certainly a grave question if a bond, taken as the second one was, is not without consideration and void. There was certainly no authority in the law for taking it.

The other objection urged is equally groundless. The statute—Code of 1852, § 3683; Code of 1886, § 4428—provides that "no bail is discharged by reason of . . there not being the requisite number of bail, or by reason of any other agreement than is expressed in the undertaking." This statute has been in force ever since the Code of 1852 went into operation.

There is no error in the record.

Affirmed.