Mr. Wilger, who, then and now, represents himself, filed his petition for the permanent custody of six of his children, who were alleged to be under the guardianship, care and custody of the State Department of Pensions and Security (DPS). In substance, he stated therein that there had been a change of circumstances because of the alleged mistreatment or neglect of another daughter by DPS.
No responsive pleading or motion as to his petition was filed by DPS; but, on the trial date, they argued orally that permanent custody of the children had been awarded by the court to DPS in 1976. To allow Mr. Wilger to renew the whole process and retry the issue of custody would be contrary to the principle of res judicata. The learned trial judge opined that there must be some finality to all litigation and the court had no right or choice but to deny the petition without an evidentiary trial. Accordingly, Mr. Wilger's petition was dismissed and he timely appealed.
In their respective briefs, both parties have appendixes which contain factual matters which are not included in the record. This court is bound by the record which was made by the litigants in the trial court, and we cannot consider such extraneous material. Wilson v. Crosby Lumber Co.,386 So.2d 1173 (Ala.Civ.App. 1980).
Nothing appears in the statutes controlling juvenile courts nor in the Alabama Rules of Juvenile Procedure as to procedures governing the defense of res judicata. Therefore, the Alabama Rules of Civil Procedure apply. ARJP, Rule 1. Normally, res judicata is an affirmative defense that must be especially pleaded in writing under ARCP, Rule 8 (c). Should such a pleading have been filed, DPS would have had the burden of proof to reasonably satisfy the trial judge from the evidence as to the sufficiency of the defense of res judicata. Even if the statement of counsel as to this matter is considered as a denial of the averments of the petition, the petition could not have been summarily dismissed without an evidentiary trial on the petition. § 12-15-65 (c), Code of Alabama (1975). Allegations without proof cannot prevail.
In some instances, res judicata may be properly raised by means of a motion to dismiss or, more commonly, through a motion for a summary judgment. However, we find no authority to validly present such affirmative defense verbally as was here done by DPS.
Although the parties have largely argued this matter as if it were appealed upon its merits, this court cannot reach that issue upon this appeal. Nothing which is stated herein applies to the merits of any issue, for this decision is most limited in scope. We merely hold that the record does not contain the necessary pleadings and proof to support the judgment of dismissal entered by the trial court. We, therefore, reverse and remand this case for further proceedings in the family court, which, when produced in a record upon appeal, will indicate procedural due process.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975). His opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur. *Page 658