On Rehearing

BRADLEY, Judge.
In its application for rehearing, A-l Bonding Company contends that Maddox was arrested on March 6, 1980 for the same offense that he had been arrested for on January 27, 1980 and thus, on the authority of Matthews v. State, 92 Ala. 89, 9 So. 740 (1891), it was discharged as surety on the bond given for the first charge. In Matthews the supreme court said that when a sheriff accepts and approves an appearance bond for a defendant, his power to accept another bond for the same offense is exhausted unless the principal has been surrendered to the sheriff by the surety on the first bond.
A—1 says that the two charges placed against Maddox, one on January 27, 1980 and the other one on March 6, 1980, were for the same offense and, therefore, when Maddox was arrested on March 6, 1980 and made bond, A-l was automatically relieved as surety on the first undertaking.
The record in the present case shows that Maddox was arrested for having in his possession on January 27, 1980 at 11:30 a.m. crystal methamphetamine and that he was again arrested—this time on March 6, 1980 —for having in his possession on January 27, 1980 at 11:35 a.m. methamphetamine. Moreover, there is nothing in the record tending to show that these two arrests were for the same offense. This court is bound by the evidence set out in the record. White v. State, 262 Ala. 694, 81 So.2d 267 (1955); Wilger v. State Department of Pensions & Security, 390 So.2d 656 (Ala.Civ. App.1980). Consequently, since it appears from the record that Maddox was arrested for two different offenses, it follows that A—1 was not automatically relieved of liability on its bond when Maddox was arrested on March 6,1980 for possessing methamphetamine.
Opinion Extended.
APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.