HOLMES, Retired Appellate Judge.
This case involves a dispute over an attorney fee.
Our review of the record reveals the following: David Ryals was injured on March 20, 1991, while working in the line and scope of his employment as a fireman with the City of Montgomery (City). On April 10, 1991, Ryals hired Gatewood Walden for legal representation.
On March 1, 1993, Ryals filed a complaint against the City, seeking to recover benefits under the Workers’ Compensation Act, as well as benefits under the Trinity Act, Act. No. 26, Ala. Acts 1962 (Special Session). It is undisputed that Ryals agreed to pay Walden 15% of any judgment awarded under the Workers’ Compensation Act, as well as 40% of any judgment awarded under the Trinity Act, provided the case was actually tried.
In December 1994 the case was tried without a jury, and the 'trial court ultimately entered a judgment, finding that Ryals was entitled to benefits under both Acts. The trial court awarded Ryals a lump sum judgment under the Workers’ Compensation Act and pursuant to § 25-5-90, Ala.Code 1975, awarded Walden 15% of that judgment.
Ryals appealed the workers’ compensation portion of the judgment. This court, without an opinion, affirmed that portion of the judgment, and our supreme court subsequently denied the petition for a writ of certiorari. See Ryals v. City of Montgomery, (No. 2940906) (Ala.Civ.App.1995) (table), cert, denied, (No. 1950563) 680 So.2d 1034 (Ala.1996) (table).
Regarding the Trinity Act, the trial court determined that Ryals was entitled to receive weekly disability benefits from the City in the amount of $182.61. The trial court further determined that Ryals was entitled to $14,608.80, which represented accrued past due benefits from September 3, 1993, to the date of the judgment. The trial court did not award Walden an attorney fee in conjunction with the Trinity Act award.
After the trial court entered its judgment, Walden filed several motions, requesting that the trial court (1) reduce the Trinity Act award to present value and award him 40% (lump sum attorney fee) of that amount; (2) reimburse him for out-of-pocket expenses; and (3) award him an attorney fee for appealing that portion of the judgment relating to the workers’ compensation claim.
On June 27, 1996, the trial court entered an order, denying Walden’s motion for a lump sum attorney fee in conjunction with the Trinity Act award, granting his motion for out-of-pocket expenses, and awarding him $9,000 for appealing that portion of the judgment relating to the workers’ compensation claim.
Ryals filed a motion to alter, amend, or vacate the order, which the trial court denied. Thereafter, a dispute arose between Ryals, the City, and Walden regarding the disbursement of the benefits due Ryals.
On June 28, 1996, the trial court entered an order, requiring the City to inter-plead with the clerk $58,117.61, pending a determination regarding the distribution thereof. Thereafter, Ryals hired another attorney, and the parties continued to file various motions relating to the disbursement of the monies.
On July 23, 1997, Walden filed a motion to intervene, seeking, in part, a determination of his rights to Ryals’s benefits under the Trinity Act. Specifically, Walden claimed that pursuant to a written contingency fee contract, he was entitled to 40% of the benefits due Ryals which, he maintained, included all future benefits.
On August 27, 1997, Walden filed a motion for a summary judgment, which he *1010 forwarded to Ryals’s new attorney, who did not file a response.
On October 2, 1997, following a hearing, the trial court entered a summary judgment in favor of Walden, concluding that he was entitled to 40% of Ryals’s Trinity Act benefits, “pursuant to the terms and conditions of the written contract between Walden and Ryals dated April 10, 1991.”
Ryals appeals. We note that, although it was named in Ryals’s notice of appeal, the City is, in fact, not a party to this appeal.
Ryals first contends that the trial court erred in awarding Walden a fee for appealing that portion of the trial court’s judgment relating to the workers’ compensation claim. We agree.
As noted previously, the trial court awarded Ryals a lump sum judgment under the Workers’ Compensation Act and, pursuant to the statute, awarded Walden 15% of that judgment. Ryals, who was represented by Walden, appealed from this portion of the judgment. As noted previously, this court, without an opinion, affirmed that portion of the trial court’s judgment, and our supreme court subsequently denied the petition for a writ of certiorari.
Thereafter, Walden filed a motion with the trial court, requesting an attorney fee in conjunction with the appeal. The trial court awarded Walden $9,000 and ordered that the clerk pay this amount from the benefits the City had interpleaded.
Section 25-5-90, Ala.Code 1975, specifically provides that an award of an attorney fee in a workers’ compensation case “shall not exceed 15 percent of the compensation awarded or paid.” Section 25-5-90 does not provide for the payment of an attorney fee in conjunction with an appeal relating to a workers’ compensation claim.
Based on the foregoing, the trial court erred in awarding Walden an additional fee when it had already awarded the maximum amount allowed under the statute. Consequently, that portion of the trial court’s order, which awarded the additional fee, is reversed.
Ryals next contends that Walden is not entitled to 40% of the future Trinity Act benefits. The dispositive issue in this regard is whether the trial court erred in entering a summary judgment in favor of Walden.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the initial burden of showing that no genuine issue of any material fact exists. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App. 1994).
Once the movant makes a prima facie showing, the burden then shifts to the nonmoving party to present substantial evidence to the contrary. Porter.
In support of his motion for a summary judgment, Walden presented a narrative summary of the facts, the contingency fee contract signed by Ryals, and two letters written by Ryals. As noted previously, the trial court awarded Ryals $14,608.80, which represented accrued past due benefits. The trial court further determined that Ryals was entitled to a weekly disability check from the City in the amount of $182.61.
On appeal Ryals contends that Walden was entitled to only 40% of the lump sum judgment awarded, which represented accrued past due benefits (i.e., 40% of 14,-608.80), and not 40% of the future weekly benefits. Ryals, however, provided no evidence to support his contention. In fact, all the evidence indicates that Walden was entitled to 40% of the total judgment, which would include future benefits.
Walden produced a letter written by Ryals, dated May 20, 1996, which stated, “I am no longer responsible for any further expense due to your fight with the *1011 City on the Trinity Act. You may receive payments just like I am.” (Emphasis added.)
Walden produced another letter written by Ryals, dated June 3, 1996, wherein Ryals informed Walden that Walden was due $11,670.82, which apparently represented 40% of the benefits which had already accrued and were due Ryals under the Trinity Act. Thus, this letter suggests that Ryals acknowledged that Walden was entitled to more than just 40% of the accrued past due benefits (i.e., 40% of $14,608.80). Ryals produced no evidence in opposition to these findings.
Based on the foregoing uncontroverted evidence, we conclude that the trial court did not err in entering a summary judgment in favor of Walden and in finding that Walden was entitled to 40% of Ryals’s Trinity Act benefits, pursuant to the terms of the contingency fee contract.
Ryals finally contends that Walden’s claim, that he is entitled to 40% of the future Trinity Act benefits, is barred by res judicata because, Ryals says, the issue was litigated and resolved by the trial court in a prior order. After carefully reviewing the record, however, we conclude that Ryals failed to properly raise this issue before the trial court.
“Normally, res judicata is an affirmative defense that must be especially pleaded in writing under [Ala. R. Civ. P.], Rule 8(c).” Wilger v. State Dep’t of Pensions & Security, 390 So.2d 656, 657 (Ala.Civ.App.1980). “In some instances, res ju-dicata may be properly raised by means of a motion to dismiss or, more commonly, through a motion for a summary judgment.” Wilger, 390 So.2d at 657.
As noted previously, on July 23, 1997, Walden filed a motion to intervene and on August 27, 1997, he filed a motion for a summary judgment. Ryals did not file an answer or otherwise respond to either motion, nor did he raise the affirmative defense in a separate motion to dismiss or in a separate motion for a summary judgment. Further, Ryals did not raise the issue during the hearing on Walden’s motion for a summary judgment. Hence, it would appear that the defense was never an issue before the trial court.
It is well settled that an appellate court “cannot consider arguments raised for the first time on appeal; rather, [its] review is restricted to the evidence and arguments considered by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).
Based on the foregoing, the judgment of the trial court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur.