The circuit judge to whom this case was originally assigned recognized that
 "Gary Beck is unrestrained in his zeal for litigation, which involves the same issues over and over, as this complaint does, on issues that have been settled through judicial rulings and opinions. To continue with his unbridled litigious lust would be a gross abuse of the judicial system."
I agree; it is time to put an end to this litigation. However, I cannot ignore the Alabama Rules of Civil Procedure and caselaw.
 "`[R]es judicata is an affirmative defense that must be especially pleaded in writing under [Ala. R. Civ. P.], Rule 8(c).' Wilger v. State Dep't of Pensions Security, 390 So.2d 656, 657
(Ala.Civ.App. 1980). `In some instances, res judicata may be properly raised by means of a motion to dismiss or, more commonly, through a motion for a summary judgment.' Wilger, 390 So.2d AT 657."
Ryals v. Walden, 773 So.2d 1007, 1011
(Ala.Civ.App. 1998). See also Hendricks v. Blake, 291 Ala. 575, 285 So.2d 82 (1973). The application of the Rules of Civil Procedure and Alabama caselaw requires that the circuit court's judgment be reversed as to defendants Ashley and Moore. Ashley failed to plead res judicata in the motion he styled as a "motion to dismiss, answer to plaintiffs complaint for declaratory judgment, and counterclaim." However, he can move to amend his answer, see Rule 15(a), Ala. R. Civ. P., specifically plead the affirmative defense of res judicata, and move for a summary judgment. Likewise, Moore, who did not plead the affirmative defense of res judicata in his motion to dismiss but who has not answered the complaint, can plead res judicata in his answer and move for a summary judgment.